The Chief Justice
delivered the opinion of the court.
This was an action of assumpsit for money had and received, and was tried on the plea of non-assumpsit.
On the trial, it appeared that the plaintiff had executed four notes for twenty dollars each, as the price of a lottery ticket, in a lottery set on foot by David Williamson, and that he had paid to the defendant, as agent for Williamson the amount of the notes, a part of which was paid voluntarily and without suit, and a part after judgment had been rendered against him therefor by a Justice of the peace. It also appeared that Williamson, previous to setting on foot his lottery, had executed a deed conveying all the property of which the prizes in his scheme of a lottery were to consist, to trustees for the payment of his debts, and that the trustees had, since the drawing of the lottery, sold the property, and that it was not sufficient to pay the debts.
On the motion of the defendant, the circuit court instructed the jury that the plaintiff could not maintain the action for the money paid either before or after judgment, although it should appear that the money had not been paid over by the defendant. The jury found a verdict according to the instructions of the court, and a judgment being rendered thereon, the plaintiff appealed to this court.
There is no doubt that the contract for the purchase of the lottery tickets was void, and that the execution of the notes for the price imposed upon the plaintiff no legal obligation to pay the money. But whether, after the money, was paid, he can sustain an action to recover it back, is a distinct question; for it is not in every case where money *209 has been paid upon a contract which is void, that such an action can be sustained. It may, however, in some cases be done.
But this rule is not universal; some statutes are design'd to save the interest of one party from the operation of the wiles or the other thus the statutes against usury have never been expounded to prevent the injured from recovering the excess of interest paid.
So money paid voluntarily for the purchase of tickets in an unauthorized lottery, may be recovered, for the act prohibiting projects of that kind, (1769) was designed to protect the purchaser.
But if a recovery has been had on a claim created by the purchase of such tickets before a competent tribunal, the propriety of such judgm't cannot be enquired into by another court.
Haggin for appellant, Pope for appellee.
If both parties are equally guilty of a breach of the law, a court of justice cannot interpose its aid in behalf of either; for it is a settled rule, that pari delicto potior est conditio defendentis, but where the transaction is in violation of a law made for the protection of one party against the acts of the other, they are not equally guilty, and the innocent party, when he has paid money upon such a transaction, may, without doubt, recover it back. Of this character are usurious loans, a familiar example, in which, according to every day's practice, the borrower is permitted to recover back the excess he may have paid beyond the principal and legal interest, and the sale of a lottery ticket, in a lottery not authorised by law, is, we apprehend, a transaction of the same character. The act of 1769, for preventing and suppressing private lotteries, which was the law in force at the time of the contract in this case, appears manifestly, from the preamble of the act, to have been designed by the legislature to protect the interest of others against the devices of those who should set up a lottery; and the enacting clause is made to operate up on the latter only. For it is only persons who set up the lottery, and not those who purchase the tickets, that offend against the provisions of the act.
We are, therefore, of opinion that the plaintiff in the circuit court had a right to recover, and that the circuit court erred in instructing the jury otherwise. But his recovery must be restricted to the money he paid without suit, and cannot be extended to that which he paid in satisfaction of the judgment before a justice of the peace.
The judgment having been given by a tribunal of competent jurisdiction, it is conclusive upon the parties, and they cannot be permitted to enquire into the merits, or to impeach its justice in another suit.
The judgment must be reversed with costs, and the cause remanded, that a new trial may be had not inconsistent with this opinion.