The bill seeks to establish a trust in fifty-five paid-up shares of stock in the Tenth Ward Building and Loan Association of the city of Newark, having a face value of $11,000, which certificate was issued by said association in the name of "Isadore Nauhauser, in trust for Bertha Nauhauser," under date of October 6th, 1931. The bill alleges that a previous certificate issued by the association on May 8th, 1931, in the same name was for $12,000 and that on October 6th, 1931, $1,000 was withdrawn by Isadore Nauhauser and a new certificate issued for fifty-five shares of stock in its place and stead, without notice to or the consent of the complainant. An accounting for the $1,000 so withdrawn was sought but abandoned at the final hearing. *Page 425 
The bill also seeks to establish a trust in other stock of the West End Building and Loan Association, but that claim was also abandoned on final hearing.
The facts touching this controversy were stipulated by counsel in open court. There is no evidence indicating the alleged trust except the issuance of the stock certificate as above mentioned. Possession of the certificate itself was retained by Isadore Nauhauser until his death, which occurred on June 18th, 1932, and it does not appear that the complainant had any knowledge of this transaction until thereafter.
Two letters of Isadore Nauhauser addressed to the Tenth Ward Building and Loan Association were offered and admitted in evidence. The first was dated November 10th, 1931, and notified the association of his application for the withdrawal of $4,000 on this particular stock certificate; and the other, dated January 18th, 1932, being a notice of an application to withdraw the balance of the stock represented by that certificate. Thus is indicated that the decedent retained complete dominion and control over the subject-matter of the alleged trust from the time the stock was first issued until the date of his death and exercised such control at will.
It is conceded that the alleged trust was not founded upon any consideration moving from the complainant to the decedent and that it was entirely voluntary in character.
The legal requirements of a voluntary declaration of trust are the same as those of a gift inter vivos. Nicklas v. Parker,69 N.J. Eq. 743; affirmed, 71 N.J. Eq. 777; In re Coyle, 9 N.J. Mis.R. 158.
The necessary elements of a gift inter vivos are:
(1) A donative intent on the part of the donor;
(2) An actual delivery of the subject-matter of the gift; and
(3) A stripping of the donor of all ownership and dominion over the subject-matter of the gift, at least to the extent practicable or possible, considering the nature of the thing given. Johnson v. Savings Investment and Trust Co., 110 N.J. Eq. 466.
See, also, Swayze v. Huntington, 82 *Page 426 N.J. Eq. 127; affirmed, 83 N.J. Eq. 335; Besson v. Stevens,94 N.J. Eq. 549; Jones v. Westcott, 8 N.J. Mis. R. 312.
Obviously, tested by these authorities, the facts in this case do not establish a valid declaration of trust.
Complainant relies, however, upon paragraph 50, chapter 65 of an Act concerning building and loan associations (Revision of 1925, page 133), which reads as follows:
"Whenever any shares in any such association shall have heretofore been issued or shall hereafter be issued to any person in trust for another, and no other or further notice of the existence and terms of the trust shall have been given in writing to such association, the trust shall be presumed to have been created by act of the trustee alone and in the event of the death of the trustee, the amount due on said shares, or any part thereof, together with the profits, earnings or interest thereon, shall be the sole property of the person for whose benefit the shares were issued, and may be paid to such person if of the age of sixteen years and upwards, or to the guardian of such person if under the age of sixteen years, and any amount due on shares held by a minor may in like manner be paid to such minor if of the age of sixteen years."
Similar legislation relating to bank accounts opened in the name of one in trust for another have been held ineffectual to accomplish either a gift inter vivos or by will, where proof of the necessary elements for such gifts, aside from the statute itself, was not produced. See Jefferson Trust Co. v. HobokenTrust Co., 107 N.J. Eq. 310, In re Farrell, 110 N.J. Eq. 260;Taylor v. Coriell, 66 N.J. Eq. 262; Reeves v. Reeves,102 N.J. Eq. 436.
In Jefferson Trust Co. v. Hoboken Trust Co., the act of 1903 relating to bank accounts was involved. The language of that act is similar to the one relied upon by complainant.
Recently chapter 40, P.L. 1932, has been held ineffectual of itself to establish a trust in a bank account opened in the name of one in trust for another, where no other evidence of the creation of such trust was available. Thatcher v. TrentonTrust Co., 119 N.J. Eq. 408; Travers v. Reid, 119 N.J. Eq. 416.
In the latter case it was pointed out that the act related tonotice of the existence and terms of the trust given to thebank and that it did not eliminate the necessity for positive *Page 427 
evidence of the existence of the trust, in accordance with previous decisions. In fact, as was there pointed out, the act presupposes the existence of all the necessary elements of a valid trust and merely eliminates the necessity of notice to the bank, other than that which is mentioned in the act.
The same comment may be made with respect to the act relied upon by counsel for the defendants.
I will advise a decree dismissing the bill of complaint.