## Hart v. Hart.

(Decided March 8, 1938.)

WOODWARD, DAWSON & HOBSON for appellant.

A. M. THOMAS for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment of the Jefferson circuit court adjudging the appellee to be the owner of 14 shares of stock of the Avery Building Association which she purchased in 1919 and had issued in appellant's name. The appellant, Joseph Allen Hart, is the nephew of the appellee, Hattie E. Hart.

In 1919 appellee owned 50 shares of the paid-up stock of the Avery Building Association, a Kentucky corporation. The by-laws of the association limited the amount of stock that one person could own to 50 shares. Mrs. Hart decided to purchase additional stock, and when she applied for it was informed that she owned the full amount of stock permitted to stand in the name of one person, but she was told by one of the officers of the association that she could purchase additional stock

and have the certificate issued in the name of another person. She requested one of her friends to permit her to have the additional stock issued in the name of the friend's daughter, but she learned later that it was necessary to have the stock issued in the name of a relative. On October 18, 1919, she purchased 14 shares, for which she paid $1,400, and had the certificate issued in the name of her nephew, the appellant, who resided in Bedford, Ind. He was 18 years of age at that time. She retained possession of the certificate and collected the quarterly dividends regularly. He knew nothing of the transaction until April, 1930, when appellee informed him that she had taken the stock in his name. She testified that she desired to sell the stock, and asked her nephew to indorse the certificate, which he promised to do on his next visit to Louisville. He never visited or saw his aunt after that time. In 1935 he went to Louisville and collected the quarterly dividend then due on the stock. As soon as Mrs. Hart learned of this, she brought suit against her nephew and the Avery Building Association, in which she prayed that she be adjudged the owner of the stock. The appellant defended on the ground that the issuance of the stock in his name constituted a gift inter vivos.

The requisites of a valid and effective gift inter vivos are an intention to transfer title to the property, delivery by the donor and acceptance by the donee. None of these essential elements was actually present in the instant case. Even if it be conceded that there was a symbolical or constructive delivery of the property and an implied acceptance by appellant, clearly there was no intention on the part of the appellee to make a gift. If there had been an actual delivery of the stock to appellant, he would have been merely a trustee under the circumstances. The proof shows that appellee never intended the transaction as a gift, but adopted the plan of having the stock issued in her nephew's name in order to comply with the by-laws of the building association which prohibited the issuance of a certificate for more than 50 shares of stock to any one person, but permitted additional shares to be issued in the name of a relative. It was a plan adopted for her own convenience and not for the benefit of her nephew.

In Brabrook v. Boston Five Cents Savings Bank, 104 Mass. 228, 6 Am. Rep. 222, a somewhat similar transaction was involved, and it was held that it did not

constitute a gift. There, a father deposited in a savings bank a sum of money in his own name and a like sum as trustee for his daughter, and retained the passbooks in his own possession. After the father's death the daughter brought suit against the bank to obtain the amount deposited by him as trustee. The proof showed that the father desired to deposit $3,000 in the bank, but was informed by an officer of the bank that the bank's by-laws did not allow so large a deposit in the name of one person, but that he could deposit it in the names of his children and himself. In the course of the opinion the court said:

"The whole transaction was his own voluntary act; to which she was in no way a party or privy. There was no declaration made to her, or to be communicated to her, of any intention that the money should be hers. Even if the form of the deposit is to be taken as conclusive proof of the existence of such an intention in his mind, the execution of that intent was not so far complete as to operate to pass the title. Knowledge of the gift, on the part of the donee, at the time it was made, is not essential, it is true, in order that it may take effect. If the act of transfer be complete on the part of the donor, subsequent acceptance by the donee before revocation will be sufficient. But there must be some act of delivery out of the possession of the donor, for the purpose and with the intent that the title shall thereby pass."

And further:

"Assuming in this case that the deposit and declaration of trust was a sufficient act of delivery to pass the title, if such were the intent, we think the facts agreed show clearly that such was not the intent of the depositor. On the contrary, it would appear that it was the intention of Knowles to deposit the whole money as his own; and that the form of deposit was adopted for the sole purpose of evading a by-law of the bank and a provision of the statutes, limiting the amount that could be received from any one depositor to one thousand dollars."

Appellant cites and relies upon Phillips v. Plastridge, 107 Vt. 267, 179 A. 157, 158, and the cases cited in the annotation to that case in 99 A. L. R. 1077. In the Plastridge Case, Frank Phillips caused 100 shares

of the capital stock of the E. A. Chase Granite Company to be issued to his daughter, Edna Phillips. The stock was issued to her in two certificates of 50 shares each. The certificates were not detached from the stock book, but remained in the custody of the corporation. Phillips never exercised control over or voted the 100 shares. It was held that there was a delivery of the stock, and that an acceptance of the gift by the donee would be presumed. There was no proof that Phillips did not intend to make a gift of the stock to his daughter. On the question of intention, the court said:

"Phillips had divested himself of all right and title to the stock, and the complete ownership had passed to his daughter. It was his voluntary act, affording an inference of the existence of a donative intent."

In the other cases cited by appellant, there was either evidence of intention on the part of the donor to make a gift, or facts from which such an intention could be inferred. In the case before us, there was no evidence that appellee intended to make a gift of the stock to appellant, but, on the contrary, all the evidence tends to show that she did not intend the transaction as a gift, but, at the suggestion of an officer of the corporation, adopted the plan of having the 14 shares of stock issued to her nephew for the sole purpose of enabling her to make an additional investment in the capital stock of the Avery Building Association. At least one of the essential elements of a gift inter vivos, intention to make a gift, is wholly lacking, and it is also clear that issuance of the stock to appellant was not intended as a substitute for delivery. Our conclusion that the judgment is correct is supported by the following domestic cases: Farris v. Farris, 269 Ky. 466, 107 S. W. (2d) 299; Hays' Adm'rs v. Patrick, 266 Ky. 713, 99 S. W. (2d) 805; Preston v. Preston's Adm'x, 245 Ky. 552, 53 S. W. (2d) 957; Collins v. Collins' Adm'r, 242 Ky. 5, 45 S. W. (2d) 811; Combs v. Roark's Adm'r, 221 Ky. 679, 299 S. W. 576; and the following recent cases from other jurisdictions: Southern Industrial Institute v. Marsh, 5 Cir., 15 F. (2d) 347; Weil v. Commissioner of Internal Revenue, 5 Cir., 82 F. (2d) 561; Zimmerman v. Nauhauser, 119 N. J. Eq. 424, 183 A. 820; In re King's Estate, 49 Wyo. 453, 57 P. (2d) 675.

The judgment is affirmed.