## HARDY v. ST. MATTHEW'S COMMUNITY CENTER et al.

Court of Appeals of Kentucky.
April 24, 1951.

As Modified on Denial of Rehearing
June 15, 1951.

Ewing L. Hardy, Louisville, for appellant.

Hunt & Fitch and James S. Shaw, all of Louisville, for appellee.

MILLIKEN, Justice.

This case comes before us upon appeal from an order sustaining a demurrer to the plaintiff's second amended and substituted petition in equity and her refusal to plead further. The relief sought is the possession of a 1949 Buick automobile and the bill of sale therefor.

At the St. Matthews Potato Festival in July, 1949, sponsored as a community enterprise by eleven St. Matthews organizations, Juanita S. Hardy, plaintiff below, who had purchased ten tickets or chances upon twelve prizes to be awarded by lot, held the winning ticket at the raffling of a Buick automobile, but the stub drawn bore the name of her young niece, a minor, Dixie Lee Williams, whose name Juanita S. Hardy had written on the stub before returning it to St. Matthews Community Center, Inc., along with the purchase price of the tickets. A copy of the letter of solicitation urging her to purchase the chances was filed with the second amended and substituted petition and was printed upon a special letterhead bearing the name of "St. Matthews Potato Festival," the margin of which contained the names of various civic organizations together with their officers, and was signed by "T. I. Ball, President." The letter stated that the purpose of the Festival was to raise funds for a permanent Community Center principally for the benefit of the children of the community, "that you do not have to be present (at the Festival) to win," and to "send your remittance and signed stubs to the St. Matthews Community Center, 145 St. Matthews Avenue, Louisville 7, Kentucky." The tickets for the drawing recited that the entire proceeds of the Third Annual Potato Festival "go to St. Matthews Community Center for Recreation Building." The prizes to be given and the respective values were printed upon the tickets. All of the prizes, it was stated on the tickets, were donated by various merchants except the

twelfth prize, the 1949 Buick Super Sedanette, which was described as being "furnished by Koster-Swope Buick Dealers."

█ Section 226 of our Constitution prohibits lotteries and gift enterprises, directs the General Assembly to enforce the constitutional provision by proper penalties, and by KRS 436.360 the party holding the lottery is penalized. It is for the protection of the purchaser as a part of the public. It was held in this state as early as 1820 in Gray v. Roberts, 2 A.K.Marsh. 208, 9 Ky. 208, a suit by a purchaser of chances on a lottery to recover a substantial amount of money from the holder of the lottery, that "where the transaction is in violation of a law made for the protection of one party against the acts of the other, they are not equally guilty, and the innocent party, when he has paid money upon such a transaction, may, without doubt, recover it back. * * * For it is only persons who set up the lottery, and not those who purchase the ticket, that offend against the provisions of the act." In the case of Gray v. Roberts the drawing had been held and the lottery completed before the purchaser sued for recovery of the purchase money.

█ Citing Gray v. Roberts as one of the cases upholding this theory, Corbin on Contracts, Section 1540, has this to say:

"If a bargain is illegal, not because a performance promised under it is an illegal performance, but only because the party promising it is forbidden by statute or ordinance to do so, the prohibition is aimed at that party only and he is the only wrongdoer. The performance itself is not even malum prohibitum, much less is it malum in se. The other party, being himself subject to no prohibition or penalty, may even be one of the class of persons for whose protection the prohibitory statute was enacted.

"In these cases the refusal of all remedy against a party to the illegal bargain would penalize the very persons for whose benefit the making of such a bargain is prohibited or declared illegal. In such cases, in order to attain the purposes of the law, the courts have frequently enforced the bargain by one or more of the usual remedies, in favor of a party for whose benefit the law was intended and against a party toward whom the prohibition or penalty was directed. These remedies include the restitution of value received by the defendant either in money or property or service, the recognition and enforcement of property rights in collateral securities, and the award of damages for breach. There is no reason why, in a case otherwise proper, a decree for specific performance should not be granted.

"The statements just made are applicable even though the prohibited action is declared by the statute to be a misdemeanor with criminal penalties. This is directed against one of the parties and not the other; the statute is said to 'mark the criminal.' "

The appellees contend that the Roberts case and the quoted language from Corbin are not applicable to this case, because, in addition to the felony penalty imposed by KRS 436.360 upon the person conducting the lottery, a misdemeanor penalty is imposed by KRS 436.380 upon the purchaser of a lottery ticket, and thus the parties are placed in pari delicto.

█ Although the purchaser of a ticket is penalized for his participation in the lottery, he is not guilty of the same offense as the person conducting the lottery, and it does not necessarily follow that he is in pari delicto with the person conducting the lottery. The statutes are designed primarily for the protection of members of the public from the temptation of a lottery, and the greater penalty is put upon the person responsible for offering the temptation. The lesser penalty imposed upon the purchaser is not designed to punish him for evil conduct, but rather to discourage him from succumbing to the temptation of a lottery. Although the purchaser is subject to a penalty, nevertheless, he is a victim rather than a collaborator in the prohibited transaction.

In Story's Equity Jurisprudence, Vol. 1, Section 300, it is said although parties may concur in an illegal act, it does not always follow that they stand in pari

delicto, "for there may be, and often are, very different degrees in their guilt."

We are of the opinion that the purchaser of a lottery ticket is not in pari delicto with the holder of the lottery.

The appellees further contend that in any event, even conceding that the parties are not in pari delicto, the purchaser may recover only the purchase price paid for the ticket, and the courts will not enforce the contract by awarding him the prize he claims by virtue of holding the winning ticket.

Assuming that the law is as contended by the appellees, with respect to enforcement of the contract as between the purchaser of the ticket and the holder of the lottery, it must be remembered that the action here is not against the holder of the lottery. The plaintiff's pleading, to which the demurrer was sustained, alleges that the lottery was conducted by eleven named civic organizations, under the name of St. Matthews Potato Festival. The defendant St. Matthews Community Center was not among the named organizations. The pleading further alleges that the persons who conducted the lottery, after the drawing was held, turned the automobile over to the Community Center "for the sole purpose of causing said automobile to be transferred and delivered to the person rightfully entitled thereto." The plaintiff's pleading, including the letter and ticket attached as exhibits, identifies the Community Center with the lottery only in the capacity of a beneficiary of the proceeds of the lottery, and in the capacity of a bailee of the automobile for delivery to the rightful owner.

In 12 Am.Jur., Contracts, Section 211, page 720, the following statement of the law is made: "The rule that the law will not enforce an illegal agreement has application only as between the immediate parties thereto, and hence one in possession of the fruits of an illegal transaction to which he was not a party cannot invoke the rule. Thus, when one party to an illegal agreement pays money in execution and satisfaction of it to a third person for the use of the other party to the agreement, upon a promise by the third person to pay it over to the other party, the third person cannot defend an action for the money on the ground of the illegality of the agreement in satisfaction of which it was paid. * * * An express or implied promise by a third person who is a mere depository of money, the proceeds of an illegal agreement, to pay the same to one of the parties thereto is not affected by the illegality of such agreement and may be enforced in behalf of the party to whom the promise was made, * * *."

In 34 Am.Jur., Lotteries, Section 34, page 674, the rule with respect to lotteries is stated to be as follows: " * * * Again, one in possession of property won or drawn in a lottery to which he was not a party cannot invoke the illegality of the lottery as a defense to an action to enforce rights or liabilities with respect to such property."

The rule as stated in American Jurisprudence is supported by cases annotated in 50 A.L.R. 29ɔ.

In view of the legal principles thus involved and despite the confusion in the pleadings, we have concluded that those of the plaintiff, Juanita S. Hardy, state facts sufficient to sustain a cause of action against St. Matthews Community Center, Inc., and, as a consequence, sufficient to entitle her to the automobile. What information we have concerning the basis of the claim of the minor, Dixie Lee Williams, to the possession of it we have obtained from the briefs, not from the pleadings, of the parties. Therefore, we conclude that the general demurrer to the petition and its amendatory successors should have been overruled and not sustained, and that the plaintiff, Juanita S. Hardy, should be awarded the automobile unless the claim of the child can be adequately pleaded and sustained by the proof.

The order of the trial court sustaining the general demurrer is overruled and the case remanded for proceedings consistent with this opinion.