**HARDY**

v.

**ST. MATTHEWS' COMMUNITY CENTER et al.**

Court of Appeals of Kentucky.

April 30, 1954.

Hardy & Hardy, Louisville, for appellant.

James S. Shaw & Wm. S. Hamilton, Louisville, for appellees.

WADDILL, Commissioner.

Juanita S. Hardy, appellant, brought this suit against St. Matthews' Community Center and others, seeking possession of a 1949 Buick automobile, or its reasonable value, and other incidental relief.

This is the second appeal of this case. For a statement of the pertinent facts see Hardy v. St. Matthew's Community Center, Ky., 240 S.W.2d 95, in which we held that appellant, as the purchaser of a winning lottery ticket, was not barred by the defense of illegality from maintaining a suit for the recovery of a lottery prize against one who held the prize as bailee for delivery to the winner. In that opinion we concluded that appellant should be awarded the automobile unless the claim of Dixie Lee Williams, appellant's niece, could be adequately pleaded and sustained by the proof. We remanded the case for further proceedings along those lines.

On the second trial of the case, appellee, Dixie Lee Williams, by her statutory guardian, asserted a claim to the automobile on the theory that Juanita S. Hardy had made her a completed gift of the winning lottery ticket prior to the drawing. Evidence was introduced upon this issue and the case was submitted to a jury, who re-

turned a verdict in favor of Dixie Lee Williams on her claim. From a judgment on this verdict Juanita S. Hardy appeals.

The only question before us is whether or not the evidence was sufficient to support a finding that appellant made a gift to her niece, Dixie Lee Williams, of her chance to win the Buick automobile.

Juanita Hardy purchased, for 20 cents a piece, ten tickets on a lottery held during the St. Matthews' Potato Festival of 1949. The stubs of these tickets each bore a serial number and two blank lines preceded by the words "name" and "address." Appellant wrote her own name on seven of these tickets and on each of the other three she wrote the name of a different one of her three nieces, one of whom was the appellee, Dixie Lee Williams. Appellant mailed the ten stubs to the St. Matthews' Community Center, the organization which was to receive the proceeds of the lottery in order to build a community playground.

A short time before the Potato Festival, during which the drawing for the prizes was held, appellant (according to the testimony of Mary Williams, the appellee's mother) visited the Williams' home and said:

"Mary, I have given each one of your children a chance on some prizes at the Potato Festival."

Mrs. Williams further testified that appellant telephoned her a few days later, saying:

"Mary, here's a list of the prizes,' she said 'here's a 1949 Buick'; she says, 'Well I have a new car,' she says, 'I don't need that'; she said, 'you all can have that.' She said 'Here's a television set,' she says 'The children will want that.' She said 'Now here's a radio,' she said 'The children will want that.' She said 'Here's a bicycle,' she says 'Of course the children will want that.' She said 'Here's a stove,' she says 'I need a stove.' She says 'If the children win the stove I'll make it right with them, I'll buy it from them.' That's all that was said until they called us from the Potato Festival."

Appellant denied making these statements. She testified that she wrote the names of her three nieces on the three tickets and later told their mother she had put their names on the tickets to give them a chance on the bicycle.

The elements necessary to constitute a "gift inter vivos," are a competent donor who intends to make an irrevocable gift; a donee capable of taking the gift; actual, constructive or symbolic delivery to the donee; and acceptance of the gift by the donee. Hart v. Hart, 272 Ky. 488, 114 S.W.2d 747; Gernert v. Liberty Nat. Bank & Trust Co. of Louisville, 284 Ky. 575, 145 S.W.2d 522.

In the case of an advantageous gift to an infant, acceptance is presumed. Newlon v. Newlon, 310 Ky. 737, 220 S.W. 2d 961; Collins v. Collins' Adm'r, 242 Ky. 5, 45 S.W.2d 811.

Delivery may be symbolic, and we have held that the deposit of money in the name of infant donees, coupled with subsequent declarations of a purpose to vest ownership in the infants, is sufficient to constitute a gift, despite the fact the pass books were retained by the donor. Collins v. Collins' Adm'r, 242 Ky. 5, 45 S.W.2d 811.

We are of the opinion that appellant's act of writing Dixie Lee Williams' name on the ticket stub and returning the stub to the holder of the lottery, coupled with her declaration of intention to the infant's mother constitute a delivery of the subject matter of the gift to the infant. Thus the trial court correctly submitted the case to the jury on the question of appellant's intent.

Judgment affirmed.