BASSETT *v.* BOURLAND.

Opinion delivered October 31, 1927.

1.  PROHIBITION—JURISDICTION TO CONSIDER ERRORS.—A petition for a writ of prohibition is an original proceeding, in which the Supreme Court cannot consider the alleged error of the chancery court in refusing to transfer a cause to the circuit court.

2.  PROHIBITION—ERRONEOUS EXERCISE OF JURISDICTION.—The writ of prohibition will not issue to prevent an inferior court from erroneously exercising its jurisdiction, but only where the inferior court is wholly without jurisdiction or is threatening to act in excess of its jurisdiction.

3.  PROHIBITION—ERROR IN TRANSFER OF ACTION.—Since the circuit court had jurisdiction to pass upon a motion to transfer a cause therein pending to equity, if it erroneously transferred the cause, prohibition is not the remedy; it can be corrected only on appeal.

4.  TRIAL—IMPROPER TRANSFER OF CAUSE—MODE OF OBJECTION.—On transfer of a cause from the circuit to the chancery court, the proper course of the party objecting is to appear in the chancery and move for a re-transfer, and upon his motion being overruled he could either stand upon his motion and refuse to proceed with the trial, in which case the chancellor would dismiss his complaint and enter a judgment against him, or he could go to trial in the chancery court and, upon an adverse decree, appeal to the Supreme Court, thereby testing the jurisdiction of the chancery court.

Prohibition to Sebastian Chancery Court, Greenwood District; *J. V. Bourland,* Chancellor; dismissed.

*Rowe & Tatum,* for appellant.

*Evans & Evans,* for appellee.

McHANEY, J. Petitioner has filed in this court a petition for a writ of prohibition against the respondent, as chancellor of the Sebastian Chancery Court, Greenwood District, praying that respondent be prohibited from hearing and determining a consolidated cause pending in said chancery court, on the ground that said court is without jurisdiction to hear and determine same. The petitioner alleges in his petition that, as administrator of the estate of Robert S. Boyd, deceased, he brought a suit in the Sebastian Circuit Court, Greenwood District, on Nov. 27, 1926, against the Mutual Benefit Health & Accident Association, to recover on an accident policy of said as-

sociation in the sum of $1,500 held by his intestate, in which said association agreed to pay said sum in the event of the accidental death of said intestate; that said Boyd came to his death on November 23, 1925, through accidental means, within the meaning of said policy, and was therefore liable to the plaintiff in said sum, for which he prayed judgment.

The defendant in this action filed an answer, admitting that said Boyd had taken out a policy in said company and paid the premium thereon up until April 1, 1925, by which it insured the said Boyd from loss of life through accidental means in the sum of $1,500, but that suicide, sane or insane, was not one of the risks covered by said policy; that said policy lapsed on April 1, 1925, for nonpayment of premiums, and was not in force thereafter until the 12th day of October, on which date Boyd procured the defendant to reinstate said policy, and paid the premium thereon to December 31, 1925, and denied that Boyd came to his death through accidental means, or in any way in which to make said defendant liable. It was further alleged in said answer that said Boyd procured the reinstatement of said policy on October 12 with the purpose and intent of committing suicide, so as to benefit his estate in the sum of $1,500 and to defraud the defendant out of said sum; that, during the period covered by said policy after reinstatement, to-wit, on November 23, 1925, said Boyd committed suicide with the intent of defrauding the defendant, and that his action in thus procuring the reinstatement of the policy constituted a fraud upon the defendant, and that therefore the reinstatement was void and of no effect. The defendant further alleged that it had instituted a suit in the Sebastian Chancery Court, Greenwood District, against the plaintiff, by which it sought to have the reinstatement of the policy canceled and set aside for fraud, and prayed that the cause pending in the circuit court be transferred to equity. Upon a hearing of the motion to transfer, on January 18, 1927, the motion was granted and the cause

was transferred, over the objections and exceptions of petitioner, to the chancery court, and was there consolidated with the cause of action pending in the chancery court heretofore mentioned. Thereafter, on April 23, 1927, petitioner filed in the chancery court a motion to transfer back to the law court, because the chancery court had no jurisdiction, and because there was a full, complete and adequate remedy at law for said association, which was overruled by the court. Petitioner thereafter filed a demurrer and answer to the suit pending against him in the chancery court.

Petitioner further alleges that, unless prohibited by this court, the respondent, as judge of the Sebastian Chancery Court, will proceed therein to determine said cause, and he therefore prays that this court prohibit respondent from so doing. To this petition respondent filed a general demurrer.

This is an original proceeding in this court, and not a proceeding by way of appeal, and this court cannot consider the alleged errors of the circuit court and chancery court to determine whether the application for the writ should be granted. In the recent case of *District No. 21 United Mine Workers of America* v. *Bourland,* 169 Ark. 796, 277 S. W. 546, this court said:

"The case not being here on appeal, but upon prohibition, our consideration must be confined to the question of the power of the chancery court to appoint a receiver in a case of this sort. The office of the writ of prohibition is to restrain an inferior tribunal from proceeding in a matter not within its jurisdiction; but it is never granted unless the inferior tribunal has clearly exceeded its authority and the party applying for it has no other protection against the wrong that shall be done by such usurpation." Citing *Russell* v. *Jacoway,* 33 Ark. 191, and *Monette Road Imp. Dist.* v. *Dudley,* 144 Ark. 169, 222 S. W. 59.

The writ is never issued to prohibit an inferior court from erroneously exercising its jurisdiction; but only

where the inferior tribunal is wholly without jurisdiction, or is proposing or threatening to act in excess of its jurisdiction. To illustrate: The circuit judge certainly had jurisdiction to pass upon the motion to transfer to equity the case pending in its court. If it erroneously transferred the case to equity, prohibition is not the remedy. It can be corrected only on appeal. Petitioner pursued the proper course in objecting and excepting to the order of the circuit court transferring the case to chancery, and by appearing in the chancery court and moving to transfer the case back to the circuit court. Upon his motion to re-transfer being overruled in the chancery court, he could pursue either of two courses: He could stand upon his motion and refuse to proceed with the trial, in which case the chancellor would no doubt dismiss his complaint and enter a judgment against him, from which he could appeal to this court, thereby testing the jurisdiction of the chancery court. *Hodges* v. *Harrell*, 173 Ark. 210, 293 S. W. 25, where a similar procedure was adopted. Or he could go to trial in the chancery court, and, upon an adverse decree against him, he could appeal to this court, where this court would review the case for all errors appearing in the record *de novo*.

We therefore refrain from a discussion of whether the transfer from the circuit to the chancery court was right, and whether the decision of the chancery court on the motion to re-transfer to the circuit court was right, for, if both of these decisions were wrong, they cannot be corrected by prohibition, and can only be corrected by appeal. The petition for a writ of prohibition is therefore denied.