LIQUEFIED PETROLEUM GAS BOARD *v.* NEWTON.

5-1803                                          322 S. W. 2d 67

Opinion delivered March 23, 1959.

*James L. Sloan,* for appellant.

No brief filed for appellee.

J. SEABORN HOLT, Associate Justice. Pete Newton, doing business as Hampton Butane Company, sued the

Liquefied Petroleum Gas Control Board of Arkansas and M. L. Blair, its director, in the Calhoun County Chancery Court, alleging, in effect, that he had been engaged in the butane gas business for about 11 years in Hampton, Calhoun County, Arkansas with a permit from the Gas Board; that the Board was attempting to cancel his permit in a manner not warranted by law and prayed for a temporary injunction and that upon a final hearing, that the temporary injunction be made permanent. On the same day that suit was filed, a temporary injunction was issued and on September 29, thereafter, the temporary injunction was served on each member of the Gas Board and its director Blair, in Pulaski County, Arkansas. On October 3, 1958, the Gas Board moved to quash the service of the summonses and the temporary injunction on the ground that the Calhoun County Chancery Court was without jurisdiction since the official residence of the members of the Gas Board and its director is in Pulaski County Arkansas. On a hearing on October 31, 1958, the trial court took judicial notice of the fact that the official residence of the Gas Board members is in Pulaski County and consequently that the venue of the suit in question is in Pulaski County and not Calhoun County, and granted the Gas Board's motion, quashed the service of summonses as prayed, dismissed the complaint and vacated the temporary injunction; but later, on November 18th, the trial court amended its order of October 31st, to provide that pending the plaintiff's appeal to this court, the temporary injunction should remain in full force and effect. The Gas Board has appealed from this latter action of the Calhoun Chancery Court to this court, as permitted under Sec. 27-2102, Ark. Stats. 1947.

Appellants (petitioners in the trial court) insist here that, ''The Chancery Court of Calhoun County is devoid of jurisdiction over the petitioners, Liquefied Petroleum Gas Board and M. L. Blair, its Director.'' We hold that appellants are correct in this contention. It is undisputed that the members of the Gas Board and their director, Blair, all have their official residence in Pulaski County and that the Liquefied Petroleum Gas

Board is a State Board. This State Board and its director, in the circumstances here, can only be sued in Pulaski County, their official residence. Ark. Stats. 1947 Sec. 27-603 provides: "The following actions must be brought in the county in which the seat of Government is situated: * * * Third, . . . all actions against the State, and all actions against State boards, State Commissioners or State officers on account of their official acts." Ark. Stats. 1947 Sec. 34-201 provides in relevant part: ". . . all actions against such (State) board or commissioner, or state officer, for, or on account of any official act done, or omitted to be done, shall be brought and prosecuted in the county where the defendant resides." Ark. Const. Art. I provides in relevant part: "The seat of Government of the State of Arkansas shall be and remain at Little Rock, where it is now established."

This court takes judicial notice that the official residence of the members of this Gas Board and its director is in Pulaski County. See *Downey* v. *Toler, Judge,* 214 Ark. 334, 336, 216 S. W. 2d 60. So, as indicated, proper venue was Pulaski County and not in Calhoun County.

Accordingly, since the Calhoun Chancery Court is without jurisdiction to proceed in the above action pending in that court, the decree is reversed and the cause remanded with directions to dismiss.