FORREST CITY MACHINE WORKS INC *v.* G. B. COLVIN, Jr., Judge of the Tenth Judicial Circuit, Ashley County, Arkansas

74-342                    521 S.W. 2d 206

Opinion delivered March 31, 1975
[Rehearing denied May 5, 1975.]

*Shackleford, Shackleford & Phillips,* for petitioner.

*Switzer & Switzer,* for respondent.

J. FRED JONES, Justice. This is an original petition for a writ of prohibition filed by Forrest City Machine Works, Inc. to prohibit the trial of a suit filed against it in the Ashley County Circuit Court by Mr. and Mrs. Lawson because of improper venue.

The facts are as follows: The petitioner, Forrest City Machine Works, Inc., is an Arkansas corporation domiciled in St. Francis County and is engaged in the business of manufacturing soil pulverizing farm equipment in that county. Mr. J. L. McCain, an Ashley County farmer, purchased one of the pulverizing machines from the Chicot Implement Company and while it was being assembled on his Ashley County farm by one of his employees, Laven Lawson, one of the two-row wing units on the implement fell from its stabilized vertical position and injured Mr. Lawson.

Mr. and Mrs. Lawson filed their suit in Ashley County where they lived and where the accident occurred. They obtained service on the petitioner by service of summons issued out of the Ashley County Circuit Court, directed to, and served by, the sheriff of St. Francis County. The petitioner, Forrest City Machine Works, Inc., filed motion to quash service because of lack of venue in Ashley County; the motion was overruled, hence the present petition for prohibition.

The petitioner contends that the venue in this case is fixed by Ark. Stat. Ann. § 27-605 (Repl. 1962) and the respondents contend that Ark. Stat. Ann. § 27-610 (Repl. 1962) applies. Section 27-605 provides as follows:

"An action, other than those in sections 84, 85 and 90 [§§ 27-601—27-603], against a corporation created by the laws of this State may be brought in the county in which it is situated or has its principal office or place of business, or in which its chief officer resides; but if such corporation is a bank or insurance company, the action may be brought in the county in which there is a branch of the bank or agency of the company, where it arises out of a transaction of such branch or agency."

Section 27-610 is the general venue statute for personal injury and death action cases and provides as follows:

"All actions for damages for personal injury or death by wrongful act shall be brought in the county where the accident occurred which caused the injury or death or in the county where the person injured or killed resided at

the time of injury, and provided further that in all such actions service of summons may be had upon any party to such action, in addition to other methods now provided by law, by service of summons upon any agent who is a regular employee of such party, and on duty at the time of such service."

In the 1941 case of *Ft. Smith Gas Co. v. Kincannon, Judge,* 202 Ark. 216, 150 S.W. 2d 968, the plaintiff was a resident of Sebastian County where he sustained an injury occasioned by the alleged negligence of the Fort Smith Gas Company. He filed suit in Crawford County and obtained service on the gas company in Sebastian County on November 4, 1940, the injury having occurred on July 22, 1940. On petition for writ of prohibition in that case, we pointed out that Act 314 of 1939 (§27-610) was a venue Act "and its purpose and effect is to localize personal injury action." We pointed out in that case that the trial judge felt that the venue Act did not apply because the suit was filed and service had in accordance with the law as it existed prior to the passage of Act 314, and in that case we said:

"Here, the legislative will is that for one to recover damages to compensate a personal injury he must sue therefor either (a) in the county in which he was injured or (b) in the county in which he resided at the time of his injury; and there is no exception or saving clause in favor of pending suits."

We concluded that the Crawford Circuit Court was without jurisdiction to proceed with the trial and the petition for writ of prohibition was granted.

In the case of *Terminal Oil Co. v. Gautney, Judge,* 202 Ark. 748, 152 S.W. 2d 309, we again granted a writ of prohibition to the Poinsett Circuit Court. In that case the Terminal Oil Company was a domestic corporation domiciled in Mississippi County, with a resident agent for service in Poinsett County. Two personal injury actions were brought against it in Poinsett County, service being had on the resident agent in that county. The plaintiffs alleged in their complaint that they were residents of Pulaski County, and that they were in-

jured in an automobile collision with a Terminal Oil Company vehicle in Mississippi County. On the return day of the writ, the petitioner Terminal Oil Company appeared specially in each case and filed motions to dismiss because of improper venue under § 27-610, *supra*. The motions were overruled by the trial court and in granting petition for prohibition in this court, we said:

> "We think the court erred, not in overruling the motions to dismiss, but in not treating them as motions to change the venue, and in not transferring them to either Pulaski county, where plaintiffs reside, or did reside at the date of the injury, or to Mississippi county, where the injury occurred. The fact that the injury occurred in 1937 and that the suit was brought in October, 1939, before said act 314 became effective . . . does not alter the situation." Citing *Fort Smith Gas Co. v. Kincannon, Judge, supra.*

In *Terminal Oil Co.* we further said:

> "In order to clarify the question of service under said act 314, the legislature of 1941 enacted act 21, entitled 'An Act to provide for statewide service of process in local actions.' Section 1 thereof reads as follows: 'In any action which may lawfully be brought only in some one or more particular counties in this state, and not in any county of the state in which service may be had on the defendant, so that the venue of such action is local and not transitory in nature, summons may be served upon the defendant or defendants in such action in any county in this state.'
>
> * * * [A]ct 314 changed the venue of existing actions, those already brought as well as those thereafter to be brought, and localized such actions to one or the other of the two counties named. It is not a question of service, but a question of venue, and the circuit court of Poinsett county is without jurisdiction to proceed with the trial of these cases."

In the recent case of *Evans Laboratories* v *Roberts, Judge,*

243 Ark. 987, 423 S.W. 2d 271, we again granted the writ of prohibition in a case very similar to the one at bar. In that case a resident of Van Buren County filed suit in the Faulkner County Circuit Court alleging that the defendant, Elmer Pearson, was a resident of Faulkner County and an agent and employee of the defendant Evans Laboratories, an Arkansas corporation. The complaint then alleged that the defendant Evans Laboratories, through its said agent, sold some insect eradication pesticide for use in a plant in Van Buren County where the plaintiff lived and was employed. The complaint then alleged that the plaintiff came in contact with the pesticide fumes; that the defendant breached an implied warranty for the reason that the pesticide was not in fact fit for its intended use and purpose and that when it was put to its intended use, the plaintiff was injured thereby. The defendant Evans Laboratories appeared specially on a motion to quash the summons for lack of jurisdiction and the trial court denied the motion. The petition for prohibition was then filed in this court and although the respondent contended in that case that the suit was one sounding in contract rather than in tort, we said:

> "Regardless of whether a suit for a breach of warranty is on contract or in tort, venue for an action is not controlled by such classification, but is controlled by venue statute."

We then pointed out that Ark. Stat. Ann. § 27-613 (Repl. 1962) provides that all other actions not provided for by specific statute may be brought in the county in which the defendant or one of several defendants resides or is summoned, and in that case we then said:

> ". . . the complaint alleged personal injuries in breach of contract, but the plaintiff brought her action *for damages for personal injury by wrongful act* in Faulkner County where she did not reside, and where the accident which caused her injury did not occur.

> The venue for this action is in Van Buren County and the circuit court of Faulkner County is without jurisdiction."

The petitioner argues that this court has held that Ark. Stat. Ann. § 27-610 (Repl. 1962) neither repealed nor amended the venue for actions otherwise fixed and cites *Moncus* v. *Raines,* 210 Ark. 30, 194 S.W. 2d 1, in which we held that action for personal injury against a city marshal must be brought under Ark. Stat. Ann. § 27-602 (Repl. 1962) which provides that an action against a public officer for an act done by him by virtue or under color of his office for his neglect of official duty must be brought in the county where the cause, or some part thereof, arose. In so holding that Act 314 of 1939 did not repeal § 27-602, we said:

"There is no necessary or irreconcilable conflict between the two laws here involved.

In the first the Legislature was dealing with the venue of suits to enforce liability for official misconduct of officers. Such misconduct may consist of many things, such as (in case of peace officers) failure properly to serve legal writs, false imprisonment, and, as in the case at bar, the wrongful or excessive use of force in making an arrest. The Legislature determined that such actions against officers, for obvious reasons of public policy, ought to be brought in the county where the cause of action originated. There is no invincible repugnancy between the two laws. Both may stand and be permitted to operate within their respective orbits, as prescribed by the Legislature."

The petitioner also cites *Downey* v. *Toler, Judge,* 214 Ark. 334, 216 S.W. 2d 60. That was an action brought against state police officers. The action was brought in Grant County where the plaintiffs alleged they received personal injuries when the officers used unnecessary force in arresting them. We granted prohibition upon the petition of the police officers and held that they were officers of the state and, therefore, came within the purview of Ark. Stat. Ann. § 34-201 (Repl. 1962) fixing venue in the county of their official residence. In addition to the reasoning set forth in *Downey,* it would not be practical or good public policy to permit state officials to be drawn away from their official duties and the place of their official residence by suits filed in distant counties arising in connection with their official acts.

Returning now to the case at bar, § 2 of the venue Act 314 provided: "This act shall not repeal any provision of venue for actions except such as are inconsistent therewith..." Section 27-605, *supra*, states where domestic corporations may be sued but § 27-610, *supra*, supersedes § 27-605 and refers only to particular kinds of actions. It provides that actions for damages for personal injury or death by wrongful act *shall be brought* in the county where the accident occurred which caused the injury or death, or in the county where the person injured or killed resided at the time of injury. If this section is inconsistent with the provisions of § 27-605, it is only inconsistent in so far as actions for personal injury or death caused by wrongful act are concerned and in that type of case § 27-610 applies.

The petition for writ of prohibition is denied.