John Michael WRIGHT *v.* Tommy Sue KEFFER

94-646                                              890 S.W.2d 271

Supreme Court of Arkansas
Opinion delivered January 9, 1995

*Bonner Law Firm, P.A.*, by: *Douglas W. Bonner*, for appellant.

*Russell D. Berry*, for appellee.

DONALD L. CORBIN, Justice. Appellant, John Michael Wright, appeals an order of the Arkansas County Circuit Court, denying his petition for a writ of mandamus directing appellee, Tommy Sue Keffer, as Clerk of the Arkansas County Circuit and Chancery Courts, to disclose information contained in the court's file of Arkansas County Chancery Court Case No. 93-140, appellant's divorce case, styled John Michael Wright v. Donna Mary Wright. Jurisdiction of this appeal is properly in this court as it is a case of mandamus directed to a county official or court. Ark. Sup. Ct. R. 1-2(a)(6). We affirm.

Appellant filed a petition for writ of mandamus requesting appellee to disclose the address of his former wife to whom he was making child support payments through the chancery court clerk's office. The trial court denied the petition for mandamus ruling that the case was moot, that the relief sought was most likely protected by the Federal Privacy Act, that the suit was frivolous and motivated by vendetta, and that appellant had other remedies available should he become unaware of his former wife's address in the future.

Appellant filed this appeal from the denial of his request for a writ of mandamus. Appellant raises four points in his brief. First, he argues the trial court erred in denying the writ of mandamus because the information sought is a matter of pub-

lic record. Second, he contends the trial court erred in relying on the Federal Privacy Act, cited to us by the parties only as 5 U.S.C. §§ 551 *et. seq.* Third, appellant argues the trial court erred in ruling the case moot. Finally, aside from the merits of the underlying petition for mandamus, appellant raises the issue of an attorney's fee awarded to appellee. We agree this case is moot and therefore do not address the first two points. This court does not address moot issues. *Hempel* v. *Bragg*, 313 Ark. 486, 856 S.W.2d 293 (1993).

There was evidence before the trial court that appellant had indeed obtained the information requested in the petition for writ of mandamus. Appellant's attorney took appellant's child support payment to appellee's office and was given a receipt bearing the address of the recipient, appellant's former wife. The evidence indicated this information may have been released inadvertently by appellee's staff. Nevertheless, as appellant had obtained the information he sought through the petition for writ of mandamus, the trial court ruled the case moot. We agree this case is moot.

An exception is made to the mootness doctrine for cases that are capable of repetition yet evading review, being cases in which the justiciable controversy will necessarily expire or terminate prior to adjudication. Examples of such cases are abortion law challenges, election procedure cases, and cases involving various court procedures. *See e.g., Roe* v. *Wade*, 410 U.S. 113 (1973) (challenge to abortion law considered although pregnancy concluded); *Nathaniel* v. *Forrest City School Dist. No. 7*, 300 Ark. 513, 780 S.W.2d 539 (1989) (challenge to election procedure considered although election would be completed before review could be had); *Robinson* v. *Shock*, 282 Ark. 262, 667 S.W.2d 956 (1984) (writ of habeas corpus considered although petitioner released); *Arkansas Television Co.* v. *Tedder*, 281 Ark. 152, 662 S.W.2d 174 (1983) (writ of mandamus for media access to courtroom considered although trial concluded).

Appellant argues we should apply this exception because the address of his former wife may change in the future, hence the case could recur but evade review. Indeed the possibility exists that this case may recur, but it is only a possibility and this court does not anticipate future litigation and does not

issue advisory opinions. *Walker* v. *McCuen*, 318 Ark. 508, 886 S.W.2d 577 (1994). Moreover, this case, should it recur, will not necessarily evade review, hence the exception urged does not apply.

In addition to those cases that evade review, this court has recognized other exceptions to the mootness doctrine, *see Arkansas Intercollegiate Conference* v. *Parnham*, 309 Ark. 170, 828 S.W.2d 828 (1992) (and cases cited therein), but none of those exceptions require us to decide the present case.

■ Appellant contends the trial court's award of an attorney's fee was inappropriate under either ARCP Rule 11 or Ark. Code Ann. § 16-22-309. The trial court stated in its order, "Respondent will be awarded attorney's fees upon furnishing a statement of time and costs." There is nothing in the record indicating appellee ever submitted a statement of time and costs. Moreover, there is nothing in the record indicating the trial court ever actually awarded an attorney's fee in this case. The ruling in the order appealed from clearly states that a fee "will be awarded" upon a specified condition. The condition never occurred and neither did the award. We observe, however, that appellant is not precluded from raising the ARCP Rule 11 issue in the future. *Spring Creek Living Center* v. *Sarrett*, 318 Ark. 173, 883 S.W.2d 820 (1994) (per curiam).

The judgment is affirmed.