Ricky L. COOK *v.* STATE of Arkansas

CR 97-1215                                              968 S.W.2d 589

Supreme Court of Arkansas
Opinion delivered April 30, 1998

*Mashburn & Taylor,* by: *Scott E. Smith,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Brad Newman,* Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. On November 2, 1997, appellant Ricky L. Cook was stopped by Trooper James P. Baker of the Arkansas State Police for driving ninety-one miles per hour in a sixty mile-per-hour zone. After failing four field sobriety tests, Cook was arrested and charged with DWI, first offense, and speeding. On May 15, 1997, following a bench trial Cook was found guilty of DWI, first offense. Sentencing was set for June 19, 1997. At the subsequent sentencing hearing, the circuit court asked if Cook's driver's license had been suspended by the Department of Finance and Administration (DF&A) pursuant to Ark. Code Ann. § 5-65-104 (Repl. 1997). Cook's counsel told the judge that a hearing had been conducted at DF&A and that DF&A had decided not to suspend Cook's driver's license because of the likelihood of Cook's success at trial. The circuit court then sentenced Cook to 365 days in jail with 360 days suspended, fined

him $350 for DWI and $100 for speeding, and suspended his driver's license for 120 days.[1]

Cook next moved for reconsideration of this judgment on the basis that the circuit court no longer had jurisdiction to suspend a driver's license after the enactment of Act 802 of 1995, now codified as § 5-65-104 (Repl. 1997), because that authority has been delegated to the executive branch. On July 10, 1997, the circuit court denied the motion for reconsideration. The circuit court also wrote a letter to counsel in connection with the denial of the reconsideration motion and told counsel that Act 143 of 1961 now codified as Ark. Code Ann. § 27-50-306 (Repl. 1994), gave the court the authority to suspend drivers' licenses for moving traffic violations.

Cook's sole point on appeal is a reiteration of his motion for reconsideration that after the passage of Act 802 of 1995, the judiciary no longer has jurisdiction to suspend or revoke a person's driver's license for DWI. Rather, the General Assembly, according to Cook, has transferred this power to the executive branch, and specifically to DF&A. The State responds that this appeal is moot due to the fact that the 120-day suspension of Cook's driver's license has now passed, and Cook's driver's license has been reinstated.

As an initial matter, we acknowledge that this court is not required to address issues on appeal that have become moot. See, e.g., Wright v. Keffer, 319 Ark. 201, 890 S.W.2d 271 (1995). It is also clear from the facts of this case that the resolution of the issue presented has become moot with respect to Cook. Nevertheless, this court has recognized an exception to the mootness doctrine "for cases that are capable of repetition yet evading review, being cases in which the justiciable controversy will necessarily expire or terminate prior to adjudication." Wright v. Keffer, 319 Ark. at 203, 890 S.W.2d at 272. See also Nathaniel v. Forrest City School Dist. No. 7, 300 Ark. 513, 780 S.W.2d 539 (1989); Robinson v. Shock, 282 Ark. 262, 667 S.W.2d 956 (1984). Because

---

[1] The May 15, 1997 order does not refer to speeding, but the June 19, 1997 order refers to Cook's guilt for both offenses, and he was sentenced accordingly.

it is likely that defendants in the future may well be confronted with this precise issue but yet be unable to appeal the point due to the passage of the suspension time, we will consider the merits of the issue. We turn then to the issue of whether the circuit court had the authority to suspend Cook's driver's license under these facts.

Some history is helpful here. Prior to July 1, 1996, circuit courts had the express authority to suspend driver's licenses for DWI convictions under the Omnibus DWI Act. *See* § 5-65-101 through 311 (Repl. 1993). However, the General Assembly passed Act 802 of 1995, which completely replaced the procedures for suspension by establishing an administrative process. Under Act 802 of 1995, and the new § 5-65-104 (Repl. 1997), all suspensions are issued by the Office of Driver Services, a division of DF&A. The circuit court's involvement in the suspension process is limited under Act 802 to appeals of these suspensions. Ark. Code Ann. § 5-65-104(a)(9)(c) (Repl. 1997).

Act 802 does, however, provide that any administrative suspension by DF&A will be in addition to those ordered by courts of competent jurisdiction:

> The administrative suspension or revocation of a driver's license as provided for by this section shall be supplementary to and in addition to the suspensions or revocations of driver licenses which are ordered by a court of competent jurisdiction for offenses under §§ 5-64-710, 5-65-116, and 27-16-914, or any other traffic or criminal offense wherein a suspension or revocation of the driver's license is a penalty for the violation.

Ark. Code Ann. §5-65-104(f) (Repl. 1997). In light of this provision in Act 802, the question becomes whether any other statute gives the courts authority to suspend driving privileges under these facts.

As the circuit court stated in its Letter Opinion denying the motion for reconsideration, Act 143 of 1961, now codified as § 27-50-306, provides the circuit courts with authority to assess additional penalties for a moving traffic violation, including suspension of a driver's license for one year. *See* Ark. Code Ann. § 27-50-306(1) (Repl. 1994). Thus, as applied to the case at

hand, § 27-50-306(1) resolves the issue entirely. Cook was not only convicted of DWI, first offense, but he was also convicted of speeding, which entailed driving ninety-one miles per hour in a sixty mile-per-hour zone. The circuit court assessed suspension of the driver's license as a penalty for both convictions and did not specify whether it was tied to one or the other. Under § 27-50-306, the conviction for a moving traffic violation, speeding, is sufficient in and of itself to warrant a suspension of Cook's driver's license.

Because suspension of a driver's license is unquestionably a penalty available to the circuit court for speeding under § 27-50-306(1), we need not reach the issue in this case of whether suspension of a driver's license by the circuit court is an appropriate sanction where DWI is the sole offense involved.

Affirmed.

GLAZE, J., concurs.