ARKANSAS GAME and FISH COMMISSION *et al. v.*
The Honorable John Norman HARKEY

00-1348 45 S.W.3d 829

Supreme Court of Arkansas
Opinion delivered June 14, 2001

*James F. Goodhart* and *James B. Watson*; and *Hill, Gilstrap, Perkins & Trotter, PC*, by: *G. Alan Perkins*, for petitioners.

*Hurst Law Offices*, by: *Q. Byrum Hurst, Jr.*, for respondent.

JIM HANNAH, Justice. Based upon an asserted lack of venue, the Arkansas Game and Fish Commission and certain commissioners (collectively referred to as "the Commission") seek a writ of prohibition to stop the Stone County Chancery Court from hearing a complaint for declaratory judgment and for injunctive relief filed against the Commission and certain commissioners. The Commission argues that such an action must be brought in Pulaski County pursuant to Ark. Code Ann. § 16-60-103(3) (1987), which provides that all actions against state boards, state commissioners, or state officers on account of official acts must be brought in Pulaski County, and Ark. Code Ann. § 16-60-101(d) (1987), which provides that "all actions against the board, commissioner, or state officer for or on account of any official act done or omitted to be done shall be brought and presented in the county where the defendant resides." The original plaintiffs, as respondents for Judge John N. Harkey, rely on Ark. Code Ann. § 25-15-207 (Repl. 1996) under the Arkansas Administrative Procedure Act, which provides that the validity or applicability of a rule of an administrative agency may be the subject of a declaratory-judgment action in circuit court in the county in which the plaintiff resides, or does business, or in Pulaski County. The issue of whether Ark. Code Ann. § 25-15-207 applies was rendered moot by respondents when they transferred the case from circuit court to chancery court because this statute requires the action be in circuit court. The equitable relief sought could only be obtained in chancery court in Pulaski County under venue set out in Ark. Code Ann. § 16-60-103 and Ark. Code Ann. § 16-106-101(d). The writ of prohibition is granted.

*Facts*

This case arises from adoption of hunting regulations by the Commission that prohibited the hunting of deer with dogs during the modern-gun season in certain deer-management zones during the 2000–2001 deer season. Plaintiffs below brought an action for declaratory judgment and injunctive relief in Stone County Circuit Court alleging that the regulations prohibiting the use of dogs were constitutionally deficient. The Commission filed a motion to dismiss asserting a lack of venue because, pursuant to statute, such suits must be brought in Pulaski County. Meanwhile, plaintiffs filed a petition for stay of enforcement in the Stone County action, which sought to enjoin or stay enforcement of the new regulations during the hunting season. A hearing was held on November 20, 2000, to consider a number of matters including the motion to dismiss and the petition for a stay of enforcement. At the hearing, counsel for the Commission raised the issue that the circuit court did not have jurisdiction to grant an injunction. The trial court asked whether plaintiffs desired to transfer to chancery. An oral motion to transfer was made by plaintiffs and granted by the trial court. From that point on the proceedings were in chancery. After hearing argument, the trial court took the motion to dismiss based on venue under advisement and granted the injunction or stay of enforcement of the rules at issue. The Commission then filed a petition for a writ of prohibition in this court alleging that the trial court was proceeding wholly without authority.

*Mootness*

■■ We note that the deer-hunting season at issue ended in December of last year. The case would thus appear to be moot. However, as discussed in *Arkansas State Game and Fish Commission v. Sledge*, 344 Ark. 505, 42 S.W.3d 427 (2001), this is a case that fits under the exception for "cases that are capable of repetition yet evading review, being cases in which the justiciable controversy will necessarily expire or terminate prior to adjudication." *Id. (citing Cook v. State*, 333 Ark. 22, 968 S.W.2d 589 (1998)). *See also, Wright v. Keffer*, 319 Ark. 201, 890 S.W.2d 271 (1995). Because it is likely this situation will arise again, we will address the petition.

*Writ of Prohibition*

 Petitioners seek a writ of prohibition to stop the chancery court from proceeding in this case based upon a lack of venue. The purpose of the writ of prohibition is to prevent a court from exercising a power not authorized by law when there is no adequate remedy by appeal or otherwise. *Patterson v. Isom*, 338 Ark. 234, 992 S.W.2d 792 (1999); *Young v. Smith*, 331 Ark. 525, 964 S.W.2d 784 (1998). *See also, State v. Nelson, Berry Pet Co.*, 246 Ark. 210, 438 S.W.2d 33 (1969). As has long been the law, a writ of prohibition is extraordinary relief which is appropriate only when the trial court is wholly without jurisdiction. *Arnold v. Spears*, 343 Ark. 517, 36 S.W.3d 346 (2001); *Bassett v. Bourland*, 175 Ark. 271, 299 S.W. 13 (1927). While jurisdiction is the power and authority of the court to act, venue is the place where the power to adjudicate is to be exercised. Venue has thus often been characterized as procedural rather than jurisdictional. *Mark Twain Life Ins. Corp. v. Cory*, 283 Ark. 55, 670 S.W.2d 809 (1984). However, even though procedural, this court has a long history of granting the writ when venue is improper as to a party. This is so because this court characterizes the venue issue as one of jurisdiction over the person, the improper assertion of which, in that instance, justifies issuance of the writ. *Steve Standridge Ins., Inc. v. Langston*, 321 Ark. 331, 900 S.W.2d 955 (1995); *Prairie Implement Co. v. Circuit Court*, 311 Ark. 200, 844 S.W.2d 299 (1992); *International Harvester Co. v. Brown*, 241 Ark. 452, 408 S.W.2d 504 (1966).

*Venue*

 Respondents argue venue was proper under the Administrative Procedure Act. Arkansas Code Annotated § 25-15-207 "Actions for declaratory judgments" provides:

> (a) The validity or applicability of a rule may be determined in an action for declaratory judgment if it is alleged that the rule, or its threatened application, injures or threatens to injure the plaintiff in his person, business, or property.

> (b) The action may be brought in the circuit court of any county in which the plaintiff resides or does business or in the Circuit Court of Pulaski County.

> (c) The agency shall be made defendant in that action.

(d) A declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question.

However, appellants assert they may not be sued in Stone County because Ark. Code Ann. § 16-60-103(3) and Ark. Code Ann. § 16-106-101(d) require suit in Pulaski County. Section 16-60-103(3) provides in pertinent part:

The following actions must be brought in the county in which the seat of government is situated:

. . .

(3) All actions against the State and all actions against State boards. State Commissioners, or State Officers on account of their official acts....

Section 16-106-101(d) provides in pertinent part:

...all actions against the board, commissioner, or state officer for or on account of any official act done or omitted to be done shall be brought and prosecuted in the county where the defendant resides.

 When the plaintiffs below moved to transfer the case to chancery, the Commission did not object. One might question whether the issue was thereby waived. It was not. The chancellor clearly did not believe there had been a waiver. Immediately after granting the motion, the chancellor stated, "Now that brings us down to the issue of whether venue is in Stone County or is in Pulaski County...." This was correct. The issue of venue had not been resolved by the transfer and was still pending. Venue is the geographic area where an action may be brought, such as a county. *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). There is nothing about a transfer from circuit court to chancery court within a single venue that altered the petitioners' claim that venue in that county was improper. It is true that venue may be waived. If a party objecting to venue invokes the jurisdiction of the court by an act such as filing a third-party complaint, the objection to venue is thereby waived. *Arkansas Game & Fish Commission v. Lindsey*, 292 Ark. 314, 730 S.W.2d 474 (1987). *See also, Waterman v. Jim Walter Corp.*, 245 Ark. 218, 431 S.W.2d 748 (1968). In fact, absent an objection, a trial court has the power to render a binding judgment even though venue is not proper. *Tortorich v. Tortorich*, 333 Ark. 15, 968 S.W.2d 53 (1998); *Prairie Implement Co. v. Circuit Court*, 311

Ark. 200, 844 S.W.2d 299 (1992). Here, however, a motion to dismiss based on a lack of venue was filed as the responsive pleading to the complaint and has preserved the issue to this time.

Arkansas Code Annotated § 25-15-207 by its express terms requires the declaratory-judgment action be in circuit court. The respondents made an oral motion to transfer this action from circuit court to chancery court during the hearing on November 20, 2000, because respondents were seeking an injunction, and circuit court does not have jurisdiction to issue an injunction. This court recently discussed the issue of the type of stay requested by the respondents in the context of duck-hunting regulations and found it was an injunction. *Sledge, supra.* Upon making the motion, the court stated, "Granted and it's now in chancery."

█ █ Article I of the Arkansas Constitution provides in relevant part that "[t]he seat of government of the State of Arkansas shall be and remain in Little Rock where it is now established." This court takes judicial notice that the official residence of the Arkansas Game and Fish Commission and its director is in Pulaski County. *See Liquefied Petroleum Gas Board v. Newton,* 230 Ark. 267, 322 S.W.2d 67 (1959). Pursuant to Sections 16-60-103 and 16-106-101, venue for this action lies in Pulaski County. The chancellor is without authority to act in this case, and the writ of prohibition is proper.

Writ of prohibition granted.

GLAZE, J., concurs.

Special Justices MARTHA HARRIMAN and JIM BURNETT join in this opinion.

BROWN and THORNTON, JJ., not participating.

TOM GLAZE, Justice, concurring. I concur, but write only to emphasize this court, in *Arkansas Game & Fish Comm'n v. Lindsey,* 292 Ark. 314, 730 S.W.2d 474 (1987), recognized the venue statute, Ark. Code Ann. § 16-60-103 (1987), applied in a suit against the Arkansas Game and Fish Commission.[1] In doing so, the

---

[1] The *Lindsey* opinion mistakenly cited Ark. Stat. Ann. § 27-602 (Repl. 1979), instead of Ark. Stat. Ann. § 27-603 (Repl. 1979), which is now codified at Ark. Code Ann. § 16-60-103 (1987). Section 27-603 and § 16-60-103 read the same and provide actions against state boards, state commissioners, or state officers are to be brought in Pulaski County.

*Lindsey* court stated that all actions against the Commission must be filed in Pulaski County.[2] As we also held recently in *Valley v. Bogard,* 342 Ark. 336, 28 S.W.3d 269 (2000), all actions against state officers which bring into play their official acts must be brought in Pulaski County. The underlying reasoning for establishing venue in Pulaski County is that it would not be practical or good public policy to permit state officials to be drawn away from their official duties and their official residence by suits filed in distant counties arising in connection with their official acts. *See Forrest City Machine Works v. Colvin,* 257 Ark. 889, 521 S.W.2d 206 (1975).

In short, I join in the majority court's granting the Commission's petition for writ of prohibition because this court has held venue is in Pulaski County when suit is brought against the Arkansas Game and Fish Commission. The Commission steadfastly objected to venue in Stone County and did nothing to waive venue.

---

[2] The *Lindsey* court, however, held the Commission waived the issue of improper venue when it voluntarily asked affirmative relief by filing a third-party complaint.