Billy Mack NICHOLS, Jr. *v.* Larry NORRIS, Director,
Arkansas Department of Correction, *et al.*

01-1030                                                80 S.W.3d 331

Supreme Court of Arkansas
Opinion delivered July 5, 2002

*Appellant,* pro se.

*Mark Pryor,* Att'y Gen., by: *Ryan P. Blue,* Ass't Att'y Gen., for appellees.

P ER CURIAM. Appellant, an inmate in the Arkansas Department of Correction (ADC), filed a motion for declaratory judgment in the Circuit Court of Jefferson County as a result of his being assaulted by another inmate at the Cummins Unit. Appellant alleged a violation of his rights guaranteed by the Eighth Amendment to the United States Constitution, and filed the motion against various employees of the ADC. The circuit court dismissed the motion for lack of proper venue pursuant to Ark. R. Civ. P. 12(b)(3) and held that venue is proper in Pulaski County as the case involves an inmate versus a state officer.

At the time appellant filed his motion, all actions against the state, state boards, state commissioners, or state officers concerning the performance of their official acts were to be brought in the county in which the seat of government is situated. *See* Ark. Code Ann. § 16-60-103(3) (Michie 1987). Article 1 of the Arkansas Constitution states that the "seat of government of the State of Arkansas shall be and remain at Little Rock, where it is now established." Therefore, because Little Rock is in Pulaski County, a suit against state officers was to be brought in Pulaski County. This statute, however, was recently amended to read that actions against state officers may be brought either in Pulaski

County or any other county under the venue laws of this state. *See* Ark. Code Ann. § 16-60-103(3) (Supp. 2001).

██ ██ Venue is the geographic area where an action may be brought, such as a county. *Arkansas Game and Fish v. Harkey*, 345 Ark. 279, 45 S.W.3d 829 (2001); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). Arkansas Code Annotated § 16-106-101(d) provides that actions against a state officer shall be brought in the county where the defendant resides. We take judicial notice of the fact that the ADC's administrative headquarters is in Pine Bluff, which is located in Jefferson County. As a result, pursuant to the new legislation, venue in Jefferson County became proper in this action when the statute went into effect. *See* Ark. Code. Ann. § 16-60-103(3).

██ ██ Arkansas Code Annotated § 16-60-103(3) went into effect on August 13, 2001. The present matter was dismissed by the circuit court on August 22, 2001; therefore, the amended statute was in effect when the circuit court entered the amended order of dismissal. While legislation is generally held to be prospective, this rule does not apply to procedural legislation. *Aka v. Jefferson Hospital Ass'n., Inc.*, 344 Ark. 627, 42 S.W.3d 508 (2001). Thus, venue was proper in Jefferson County at the time of the amended order. This matter is reversed and remanded to allow it to be decided on its merits in the Circuit Court of Jefferson County.

Reversed and remanded.