HOWARD W. BRILL, Chief Justice 11Appellant Justin Thornton appeals from an order of the Lincoln County Circuit Court convicting him of first-degree murder and sentencing him to a term of •forty years’ imprisonment. On appeal, Thornton contends that the circuit court erred in (1) denying his motion to dismiss the first-degree murder charge because the State did not present sufficient proof of the purposeful-intent element of first-degree murder, (2) denying his motion to dismiss for lack of jurisdiction, (3) denying his motion to dismiss for violation of his right to a speedy trial, (4) denying his motion to dismiss for violation of the Double Jeopardy Clause, and (5) denying his motion to dismiss for violation of his right to due process. We reverse and dismiss. I. Factual Background & Procedural History Following a bench trial held in February-2013, the Lincoln County Circuit Court found appellant Justin Thornton guilty of capital murder, felon in possession of a firearm, ^unauthorized use of a vehicle, and abuse of a corpse for which he was sentenced to life without parole plus ten years for his commission of the murder with a firearm. Thornton appealed to this court, arguing that the circuit court erred in denying his motion for directed verdict on the capital-murder charge because the proof failed to establish that he acted with the requisite premeditation and deliberation. Thornton v. State, 2014 Ark. 157, at 1, 433 S.W.3d 216, 217. We held that the evidence was insufficient to support a conclusion that Thornton killed the victim with a premeditated and deliberate intent and, we therefore reversed and dismissed. In doing so, we stated, ‘While the evidence cannot sustain the charge of capital murder, we offer no opinion, about whether it would sustain a lesser offense.” Id. at 15, 433 S.W.3d at 224. The case was handed down on April 10, 2014. Following the issuance of our-mandate on May. 15, 2014, the State did not refile a murder charge against Thornton;[1] rather, the State filed in the circuit court on May 29, 2014, a “Motion for Court to Consider Lesser-included Offenses.” In its motion, the State argued that, because this court concluded that there was insufficient evidence, to sustain a charge for capital murder, the circuit court should “now consider the lesser included- offenses of murder in the 1st degree, murder in the 2nd degree and manslaughter” and that, “[s]hould the [circuit] court find the evidence sufficient to sustain a conviction for a lesser offense, it should enter a judgment of conviction and sentence the defendant appropriately.” Thornton argued |sthat the State’s motion should be denied because this court did not remand the case to the circuit court for any further rulings or. findings of fact; rather, this court reversed- and dismissed. In. its reply, the State- contended that “[t]he fact that the capital murder conviction was. reversed and dismissed rather than remanded does not have any bearing on whether [the circuit] court can now consider lesser-included offenses ... Because this was a bench - trial instead of a jury trial, the .supreme. court’s decision to grant defendant’s motion and dismiss the capital murder charge, simply puts the [circuit] court back into the position it would have been in-had it dismissed the capital murder charge during the trial.” The circuit ’ court granted the State’s motion and set a hearing for December 1, 2014. At the hearing, Thornton argued that the circuit court lacked jurisdiction to consider the lesser-included offenses, that the conviction of a -lesser-included offense following the reversal and dismissal of a greater offense violates double-jeopardy principles, that his right to a speedy trial was violated, and that the circuit court denied him due process at the hearing when it did not allow him to argue that there was insufficient evidence to sustain convictions of the lesser-included offenses. The circuit court rejected Thornton’s arguments, ruled that the evidence from the February 2013 bench trial was sufficient to prove that Thornton acted with purpose in causing the death of the victim, and found Thornton guilty of first-degree murder.[2] The circuit court then sentenced Thornton, as a habitual offender, to forty years’ imprisonment for first-degree murder, enhanced by ten years for its commission with al4firearm.[3] II. Jurisdiction As a threshold matter, this court must determine whether the circuit court had jurisdiction to hear the State’s “Motion for Court to Consider Lesser-Included Offenses” following this court’s reversal and dismissal in Thornton. This court’s opinion and mandate in 2014 reversed and dismissed Thornton’s conviction for capital murder. Nevertheless, the State contends that the letter and spirit of this court’s opinion and mandate- conferred jurisdiction on the circuit court to consider lesser-included offenses. According to the State, we “invited” the circuit court to hear the State’s “Motion for -Court to Consider Lesser-Included Offenses” when we stated that we “offerfed] no opinion about whether [the evidence] would sustain a lesser offense.” 2014 Ark. at 15, 438 S.W.3d at 224. We disagree. Because the issue of whether the evidence would sustain a, lesser offense was not before the court in 2014, any opinion we offered on that issue would have been advisory. ' It is. not the practice of this court to anticipate future litigation and issue advisory opinions. See Wright v. Keffer, 319 Ark. 201, 203-04, 890 S.W.2d 271, 272 (1995). Here, the State would have us hold that, in Thornton, when we stated that the case was | ^reversed and dismissed, we meant that the case was reversed and remanded. This we will not do. See Eichelberger v. State, 323 Ark. 551, 557, 916 S.W.2d 109, 113 (1996) (explaining that if substantial evidence was presented, but prejudicial error occurred, the case is reversed and remanded, but “[i]f the evidence [is] insufficient the case is reversed and dismissed”). We note that the State’s position on appeal is inconsistent with its position in response to Thornton’s pro se petition for writ of mandamus filed on December 17, 2014. In his petition, Thornton sought to have this court direct the circuit judge to enter a new or amended judgment reflecting the dismissal- of the capital-murder charge by this court in Thornton. The State contended that, although Thornton appeared to allege that the Arkansas Department of Correction had not received the mandate in his case, and believed that the opinion issued by this court remanded the case to the circuit court to issue a new judgment-and-commitment order, this court’s opinion did not include a remand to the circuit court. Specifically, the State asserted that this court “did not. remand the .case to the circuit court to enter a new order or take any other action related to the reversed and dismissed capital-murder conviction.” We agreed, stating, “Our decision reversed and dismissed petitioner’s conviction for capital murder; there was no remand requiring any. action by the trial court.” Thornton v. Jones, 2015 Ark. 109, at 2, 2015 WL 1198668 (per curiam). Thus, we hold that, because the conviction was reversed and dismissed, the circuit court did not have jurisdiction to hear the State’s “Motion for Court to Consider Lesser-Ineluded Offenses.” Accordingly, we reverse and dismiss. Reversed and .dismissed. Wood, J., concurs. Baker, Goodson, and Hart, JJ., dissent. . The State notes in its brief on appeal that ' the Supreme Court of the United States has left open the question of whether the State could, consistent with the Double Jeopardy Clause of the United States Constitution, try a defendant for a lesser-included offense in the event that the conviction of the greater offense was voided due to insufficiency of the evidence. See Greene v. Massey, 437 U.S. 19, 25 n.7, 98 S.Ct. 2151, 57 L,Ed.2d 15 (1978). . A person commits murder in the first degree if with a purpose of causing the death of another person, the person causes the death of another person. Ark. Code Ann. § 5-10-102(a)(2) (Repl. 2013). . The circuit court noted that Thornton’s remaining convictions and sentences were not affected by this court’s reversal and dismissal in Thornton, 2014 Ark. 157, 433 S.W.3d 216. Thus, the amended sentencing order entered December 16, 2014, reflected that Thornton was sentenced to an aggregate total of seventy years’ imprisonment: concurrent terms of forty years' imprisonment for first-degree murder, twenty years’ imprisonment for felon in possession of a firearm, and one year in the county jail for. unauthorized use of vehicle; a consecutive term of twenty years’ imprisonment for abuse of a corpse; and a consecutive term of ten years’ imprisonment for.the firearm enhancement. In , the instant appeal, Thornton challenges only his conviction and sentence for first-degree murder.