DEAN *v.* COLE.

5-2847                                    364 S. W. 2d 305

Opinion delivered February 4, 1963.

*Garner, Shaw & Kimbrough,* for appellant.

*Ralph Robinson, Lonnie Batchelor,* for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from a decree dismissing a complaint against a state police officer and another for want of jurisdiction.

In February, 1962, appellant J. D. Dean filed a taxpayer's suit in the Crawford Chancery Court against appellees Ray Cole and T. R. Nash. The complaint alleged that Cole, individually and in his capacity as supervisor of the Alma Division of the Arkansas State Police, permitted appellee Nash to haul loads in that county in a grossly overloaded condition, without requiring Nash's trucks to be weighed, or if weighed, without charging him for the excess weight; that he had allowed Nash to purchase "NR" licenses for his trucks when the trucks had not been properly assessed or entitled to use that type of license; and that the state and county were thereby deprived of revenue, which resulted in a violation of Article 16, § 13 of the Arkansas Constitution. Appellant prayed for a temporary and permanent injunction against appellees together with a judgment for all funds due the state and county. Appellees demurred to appellant's complaint. On April 24, 1962, the trial court ruled that it did not have jurisdiction of appellant's alleged cause of action and dismissed the complaint. Appellant has appealed, contending only that Crawford County is the proper venue for this action.

In *Downey* v. *Toler, Judge,* 214 Ark. 334, 216 S. W. 2d 60, this court had occasion to pass upon substantially the identical question raised in the instant case. The Downey case involved a suit which was filed in Grant County against two state police officers and another individual. This court there examined the venue statutes and stated:

". . . [W]e conclude that, for the purposes of determining venue in actions against them, for acts done in their official capacity (as alleged in this case by the plaintiffs in the circuit court), the members of the Arkansas State Police are State officers within the purview of § 1397, Pope's Digest [Ark. Stats. § 34-201], and can be sued for official acts only in the county of the official residence of the Arkansas State Police, which is Pulaski County."

The court then ruled that the Grant Circuit Court was without jurisdiction to proceed in the action and granted a writ of prohibition against the Grant Circuit Judge.

In the case at bar, since the acts here complained of could only have been permitted or committed by appellee Cole in his official capacity as a member of the Arkansas State Police and not as an individual, the legal principle of *Downey* v. *Toler, Judge, supra,* is controlling. Therefore the decree of the trial court must be affirmed.

Mr. JUSTICE HOLT not participating.