Don JENKINS and Republican State Committee *v.* The Hon. David BOGARD, Circuit Judge, Pulaski County Circuit Court; Democratic Party of Arkansas; Kenneth Chitwood; Terry Wells; Sharon Priest, Secretary of State; State Board of Election Commissioners; Crawford County Board of Election Commissioners; Franklin County Board of Election Commissioners

98-1303                                                  980 S.W.2d 548

Supreme Court of Arkansas
Opinion delivered October 30, 1998

*John Wesley Hall Jr.*, for appellants.

No response.

PER CURIAM. On March 24, 1998, Don Jenkins filed as a Republican candidate for the office of State Representative for District 10, and after the primary election, the State Republican

Committee certified Jenkins as its nominee for the District 10 position. On September 14, 1998, the Secretary of State, pursuant to Ark. Code Ann. § 7-5-203 (Supp. 1997), certified Don Jenkins as the Republican nominee for the State Representative, District 10, position to the Crawford County and Franklin County Boards of Election Commissioners.

On September 30, the Democratic Party of Arkansas filed a complaint and petition for writ of mandamus and declaratory judgment in Pulaski County Circuit Court. The Democratic Party named as defendants Don Jenkins, the Secretary of State, the Republican State Committee, the State Board of Election Commissioners, and the Franklin County and Crawford County Boards of Election Commissioners. In its complaint, the Democratic Party requested the court to hold Jenkins is not qualified to run for the State Representative position, District 10, because he was not a resident of the district for more than one year as required by Ark. Const. art. 5, § 4. The Democratic Party further requested that the named defendant election officials should be required to remove Jenkins's name from the ballot or alternatively not count or certify the votes cast in his favor.

The partial record before us reflects the docket sheet of the circuit court, and while the court set a hearing on October 5, 1998, to hear the Democratic Party's mandamus request, no hearing was held. Apparently, Jenkins had not yet been served, and perhaps the hearing was delayed for that reason. The partial record next shows that, on October 23, 1998, the circuit court set a hearing for October 28, 1998. At that October 28 hearing, the circuit court permitted Kenneth Chitwood, a resident of Van Buren in District 10, to be substituted for the Democratic Party, ruling Jenkins and the other defendants would not be prejudiced by the substitution. The change in the plaintiff was evidently made because the Democratic Party is an unincorporated association that does not have standing to sue. The circuit court then granted Chitwood's request for declaratory judgment and mandamus, holding Jenkins is not qualified to run for the State Representative, District 10, position, and his votes may not be counted or certified in Crawford and Franklin Counties. The court further ordered the Crawford and Franklin County Boards of Elec-

tion Commissioners to maintain all records of votes cast for Jenkins for thirty days after the November 3, 1998 General Election. The circuit court's order was signed and entered on October 29, 1998.

On October 29, 1998, Jenkins and the Republican State Committee appealed the circuit court's order and asks for a stay of that order. They also request that they be granted an expedited and emergency appeal. We grant the appellants' requests for a stay and an accelerated appeal for the reasons set out below.

In our recent case of *Standridge v. Priest*, 334 Ark. 568, 976 S.W.2d 388 (1998), we cited *State v. Craighead County Bd. of Election Comm'rs*, 300 Ark. 405, 779 S.W.2d 169 (1989), where our court set out the proper legal proceeding to file suit to determine the eligibility of a candidate and to decide whether his or her name should be placed on or removed from a ballot. There, the court sanctioned the use of mandamus when seeking the appropriate election officials to remove a candidate's name from the ballot or requiring them to place a candidate's name on the ballot. *Id.* In upholding the use of mandamus in these circumstances, the court concluded that because petitions for writs of mandamus must be heard within seven days, such a remedy provides for prompt consideration of issues, which is often important in election cases. 300 Ark. at 412, 779 S.W.2d at 172; *see also* Ark. R. Civ. P. 78(d), Court Notes, 1995 Amendment. Rule 78(d) provides as follows:

> (d) Upon the filing of petitions for writs of mandamus or prohibition in election matters, it shall be the mandatory duty of the judge or chancellor having jurisdiction to fix and announce a day of court to be held no sooner than two (2) and no longer than seven (7) days thereafter to hear and determine the cause.

In the present case, the Democratic Party filed its complaint (now prosecuted by Chitwood) on September 30, 1998, but the record reflects no hearing was held within the two-to-seven-day period required under Rule 78(d). As previously noted, the circuit court initially scheduled October 5 as a hearing date, but, for whatever reasons, that hearing never took place. In reviewing the partial record, the various affidavits reflecting service on the

defendants are listed, but nothing in the record reflects a notice was actually served on the defendants informing them that they were to appear on October 5, 1998, or a date not later than seven days from when the complaint and petition was filed. In fact, the record shows the hearing on the appellee's complaint was ultimately held on October 28, almost a full month after the complaint was filed and only six days prior to the November 3, 1998 general election.

Because the record fails to show appellee expeditiously obtained the mandated hearing required under Rule 78(d), we stay the circuit court's order. At the same time, we grant an accelerated appeal. In doing so, we direct appellants to file the remaining portion of the record no later than Friday, November 13, 1998, and their initial brief on Friday, November 20, 1998. The appellee will file his responsive brief no later than Friday, November 27, 1998. Appellant's reply brief will be due no later than Tuesday, December 1, 1998, so the case can be submitted on Thursday, December 3, 1998.