Arnell "Buck" WILLIS and Phillips County Board of Election Commissioners *v.* CIRCUIT COURT of PHILLIPS COUNTY, Arkansas

00–1033                                      27 S.W.3d 372

Supreme Court of Arkansas
Opinion delivered September 22, 2000

*Kent J. Rubens* and *L. Ashley Higgins*, for petitioners.

*Mark Pryor*, Att'y Gen., by: *Colette Honorable*, Ass't Att'y Gen., for respondent Circuit Court of Phillips County, Arkansas.

*Wilson & Valley*, by: *J.F. Valley*, for respondents Eddie L. O'Neal and J.F. Valley.

PER CURIAM. Petitioners Arnell "Buck" Willis and the Phillips County Board of Election .Commissioners have filed, alternatively, petitions for writ of certiorari, writ of prohibition, or writ of mandamus, asking this court to prevent the Phillips County Circuit Court from hearing a petition for declaratory relief brought by Eddie O'Neal and James "J.F." Valley. Petitioners assert that the issue now before the Phillips County Circuit Court is barred by the doctrine of *res judicata*. We granted a temporary stay of the proceedings pending in the circuit court, and ordered both the Petitioners and Respondents to file all necessary pleadings and responses and to appear before this court, so that we could decide whether the stay should be continued. *See Willis v. Circuit Court of Phillips County*, 342 Ark. 65, 27 S.W.3d 346 (2000) (*per curiam*).

In order to understand the nature of the relief sought, some background information is necessary. Valley and Willis both sought the Democratic nomination for a seat in the Arkansas House of Representatives from District 99. Prior to the May 23 primary, Willis filed suit in the Pulaski County Circuit Court challenging Valley's eligibility to run for that seat. Willis also filed a petition for a writ of mandamus and declaratory judgment seeking to have Valley's name removed from the ballot. That suit properly named the Arkansas State Board of Election Commissioners, the Secretary of State, and the Arkansas Democratic State Committee, among others, as defendants. Willis claimed that Valley had not properly resided in District 99 for the required one-year time period and thus was ineligible to run for that seat. Following a hearing on the issue of Valley's eligibility, the Pulaski County Circuit Court agreed that Valley had not resided in the district as required, and entered an order on May 4, that Valley's name be removed from the ballot. The trial court further noted that in the event the ballots had already been printed, the proper relief was simply not to count any ballots cast for Valley.

On June 15, 2000, Valley, along with Eddie O'Neal, a registered voter in Phillips County, filed a petition in the Phillips County Circuit Court asking the court for a writ of mandamus and for declaratory judgment. Named as defendants in this suit are Willis and the County Board of Election Commissioners for Arkansas, Desha, Monroe, and Phillips Counties. Specifically, Valley claimed that he had received a majority of the votes cast in the May primary, and that such votes should be counted and Valley

declared the winner. Valley argued in the alternative that even if he is not allowed to be on the ballot, Willis should not be certified as the Democratic nominee because he failed to receive a majority of the votes in the primary. Willis and the other defendants responded that the Phillips County Circuit Court lacked authority to consider Valley's petition because the issue of whether Valley was an eligible candidate had already been decided. Moreover, in his answer, Willis asserted the affirmative defenses of failure to join indispensable parties and lack of venue.

Because a petition for a writ of prohibition is an original action in this court, we may consider such issues as whether all the necessary parties are joined in this action and whether venue is proper in the Phillips County Circuit Court. Arkansas Code Annotated § 7-7-401(a) (Repl. 2000) sets forth the procedure and the parties involved in certifying nominations. Section 7-7-401 provides:

> (a) The county board of election commissioners shall certify the nomination of all county, township, and municipal offices to the county committee of the political party, state committee of the political party, and county clerk. It shall further certify the vote of all candidates for United States, state, and district office to the state committee and the Secretary of State.

> (b) The Secretary of State shall receive the returns from the county board of election commissioners and canvass and certify the result thereof as provided by law. The boards or their officers shall, when ordered by a circuit court as provided by law, annul the certifications made and make certifications in accordance with the judgment of the circuit court.

■■ Here, in the Phillips County suit, Valley and O'Neal are asking the trial court to declare Valley the winner of the May 23 primary, thus making him the Democratic Party's nominee in the general election. Valley and O'Neal have failed to include the Secretary of State or the state Democratic Committee in the present action. The relief sought by O'Neal and Valley cannot be afforded without the inclusion of these parties. Therefore, the absence of these indispensable parties renders this action for mandamus and declaratory relief nonjusticiable. See Ark. Code Ann. § 16-111-106(a) (1987); see also *Yamauchi v. Sovran Bank/Central South*, 309 Ark. 532, 832 S.W.2d 241 (1992). Finally, because the Secretary of

State is one of the indispensable parties to this action, venue is not proper in Phillips County. Arkansas Code Annotated § 16-60-103(3) (1987) states that all actions against state officers acting in their official capacity must be brought in Pulaski County.

■ ■ We now turn to the issue of what type of relief is appropriate under these circumstances. We recently set forth the requirements for a writ of prohibition:

> A writ of prohibition is extraordinary relief which is appropriate only when the trial court is wholly without jurisdiction. *Henderson Specialties, Inc. v. Boone County Circuit Court*, 334 Ark. 111, 971 S.W.2d 234 (1998); *Nucor Holding Co. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996). The writ is appropriate only when there is no other remedy, such as an appeal, available. *Henderson Specialties, Inc. v. Boone County Circuit Court, supra*; *West Memphis Sch. Dist. No. 4 v. Circuit Court*, 316 Ark. 290, 871 S.W.2d 368 (1994) (quoting *National Sec. Fire & Cas. Co. v. Poskey*, 309 Ark. 206, 828 S.W.2d 836 (1992)). When deciding whether prohibition will lie, we confine our review to the pleadings in the case. *The Wise Company, Inc. v. Clay Circuit*, 315 Ark. 333, 869 S.W.2d 6 (1993).

*Pike v. Benton Circuit Court*, 340 Ark. 311, 314, 10 S.W.3d 447, 448 (2000) (quoting *State v. Circuit Court of Lincoln County*, 336 Ark. 122, 125, 984 S.W.2d 412, 414 (1999)). Here, the Phillips County Circuit Court is without jurisdiction to hear O'Neal's and Valley's claims because not all of the indispensable parties have been joined in the action and because the proper venue is in Pulaski County. Under the particular circumstances of this case, a writ of prohibition is the appropriate remedy.

Writ of prohibition granted.

GLAZE, J., concurs.

TOM GLAZE, Justice. I agree that the Phillips County Circuit Court has no venue or jurisdiction in this case. The per curiam sets out the relevant facts that led to this special proceeding. In short, Arnell Willis and James Valley were candidates for the Democratic nomination for House Representative from District 99, and, prior to the May 23 primary election, Willis filed suit in the Pulaski County Circuit Court questioning Valley's eligibility to be a candidate. In accordance with the procedure set

out in *State v. Craighead County Board of Election Commissioners*, 300 Ark. 405, 779 S.W.2d 169 (1989), Willis filed a petition for writ of mandamus and declaratory judgment seeking to have Valley's name removed from the ballot, as provided under Ark. Code Ann. § 7-5-207(b) (Repl. 2000). *See also Jenkins v. Bogard*, 335 Ark. 334, 980 S.W.2d 270 (1998); *Jenkins v. Bogard*, 334 Ark. 645, 980 S.W.2d 548 (1998); *Tittle v. Woodruff*, 322 Ark. 153, 907 S.W.2d 734 (1995). In addition to Willis, Valley and the County Boards of Election Commissioners from Arkansas, Desha, Monroe, and Phillips Counties being made parties in the Pulaski County action, the Secretary of State, state Democratic Party Commissioner, and State Board of Election Commissioners were jointed as parties because of their election duties related to certifying party nominees. Because this action involved state officials, venue was properly established in Pulaski County in accordance with Ark. Code Ann. § 16-60-103 (1987).

The Pulaski County Circuit Court held a hearing on May 3, 2000, and determined that Valley was ineligible to be a candidate for House member from District 99 because he had not resided in the district for the full year proceeding the May 23 election, as is required by law. The Pulaski County Circuit Court ruled Valley should not be certified as a candidate, and, if the ballots had already been printed, any votes cast for him should not be counted. The court's order was entered on May 4, 2000. Valley filed his notice of appeal on May 9, 2000, and it remains on the supreme court's docket as Supreme Court Case No. 539.

In his appeal from the Pulaski County decision, Valley filed a petition with this court for a writ of certiorari on May 9; the attorney general, representing Secretary of State Sharon Priest and the State Board of Election Commissioners, responded on May 10. We promptly issued a writ on May 11, in an effort to expedite an appeal. ON May 12, the Pulaski County Circuit Court reporter responded by affidavit, notifying this court that *no transcript had been ordered and no payment had been made* for the preparation of any record. Accordingly, we withdrew our May 11 writ. Valley requested that we reconsider our May 12 directive, but we denied it. On May 12, Valley indicated he had filed an amended notice of appeal, correcting his earlier omissions, but the court reporter responded that she had received an amended notice of appeal, but no payment, as Valley had represented to this court. On May 19,

Valley again asked for reconsideration for an expedited appeal, but, because this court was not informed if or when a record could be filed, this court denied Valley's request. In the May 19 petition, Valley agreed that he had made oversights in his attempt to expedite and accepted responsibility for any and all nocompliance with the rules of this court. Nonetheless, Valley took no further action in the Pulaski County Circuit Court case until September 20, which I will discuss later in this opinion.

Meanwhile, Valley decided to file a petition for writ of mandamus and declaratory judgment in Phillips County Circuit Court on June 15, seeking as relief the ability to be considered an eligible candidate and to have his votes counted. In that action, Valley named everyone already named in the Pulaski County case except the state officials. Valley's action in the Phillips County suit is in definite conflict with the Pulaski County Circuit Court's order, in that it seeks favorable relief from the Phillips County Circuit Court determining Valley the winner of the May 23 Democratic primary election. Valley relies on certain allegations in his Phillips County complaint in asking for relief under both federal and state civil rights acts.

As pointed out in the per curiam, the Secretary of State receives the election returns from the respective county boards of election commissioners, Ark. Code Ann. § 7-7-401 (Repl. 2000), and all lists of nominees of candidates from district house of representatives are filed with the Secretary of State. Ark. Code Ann. § 7-7-402 (Repl. 2000); *See also* Ark. Code Ann. §§ 7-5-704-705 (Repl. 2000). Clearly, the Secretary of State must be made an indispensable party under Ark. R. Civ. P. 19(a) before complete relief can be accorded the parties in these proceedings. That being so, venue was fixed in Pulaski County. This court has historically issued the writ of prohibition when venue is improper as to a party. *See Boatmen's Nat'l Bank v. Cole*, 329 Ark. 209, 947 S.W.2d 362 (1997); *Steve Standridge Ins., Inc. v. Langston*, 321 Ark. 331, 900 S.W.2d 955 (1995).[1]

---

[1] I would note that all issues concerning Valley's eligibility could have been addressed in the Pulaski County case since his defense and claims arise out of the same transaction or occurrence that is the subject matter of Willis's opposing claim. *See* Ark. R. Civ. P. 13(a).

In conclusion, I reiterate that Valley's last action taken in his appeal of the Pulaski County Circuit Court May 4 order was his May 19, 2000, petition for reconsideration, wherein, among other things, he acknowledged noncompliance with the court's appellate rules, and fully accepted responsibility for any and all noncompliance with the rules of this court. Recently, on September 20, 2000, Valley has filed a motion for stay of contempt and for expedited appeal, wherein he now complains of this court's denials of his requests to expedite the appeal and charging such denials as being contrary tot he weight of the court's own authority and contrary to its rules.[2] Such comments are not only contrary to his earlier admissions in his May 19 motion, but they also miss the mark as to what has occurred. Obviously, it is impossible for this court to set briefing schedules if the court is unaware if or when a transcript will be lodged. There are procedures whereby partial records can be lodged and writs of certiorari can be issued in order to expedite an appeal so briefing schedules can be established. That simply was not done in the appeal of the Pulaski County case, and it is Valley's failure to proceed correctly that has caused unnecessary delay.

---

[2] The contempt matter is not relevant here, but I note that, because Valley now has correctly arranged for the record in the Pulaski County Circuit Court appeal, the court has granted Valley's motion to expedite on this date, September 22, 2000.