Phillip HATFIELD and Christine Hatfield *v.*
John A. THOMAS, Clark Circuit Court; and Harold F. Kidd

02-794 93 S.W.3d 671

Supreme Court of Arkansas
Opinion delivered December 19, 2002

*McMillan, Turner, McCorkle & Curry, LLP,* by: *F. Thomas Curry,* for petitioner.

*G. Randolph Satterfield,* for respondent.

RAY THORNTON, Justice. Petitioner, Harold F. Kidd, filed a complaint against Christine and Phillip Hatfield and Lori Amis d/b/a Lori Amis Interiors in the Clark County Circuit Court involving a contract for sale of furniture to a Florida hotel. The complaint alleged that the furniture belongs to the Hatfields, who are residents of Florida. The complaint also stated that Mr. Kidd manufactured, sold, delivered, and installed hotel furniture for the Hatfields for the total amount of $98,933.37. The complaint alleges that the Hatfields paid part of the amount but that $18,025.76 of the balance remains. The Hatfields responded with a motion to dismiss under Rule 12(b)(2) of the Arkansas Rules of Civil Procedure for failure to show facts that establish the jurisdiction of this State's circuit court. Ms. Amis did not join in the motion. Mr. Kidd responded that basis for jurisdiction is that the furniture manufacturing company is based in Arkansas and that the manufacturing took place in this State. The circuit court denied the motion to dismiss. The Hatfields seek a

writ of prohibition to prevent the circuit court from exercising jurisdiction over this case.

 A writ of prohibition is issued to prevent or prohibit the lower court from acting wholly without jurisdiction. *Arkansas Democrat-Gazette v. KFSM-TV*, 341 Ark. 771, 20 S.W.3d 301 (2000). The purpose of the writ of prohibition is to prevent a court from exercising a power not authorized by law when there is no adequate remedy by appeal or otherwise. *Young v. Smith*, 331 Ark. 525, 964 S.W.2d 784 (1998). Writs of prohibition are prerogative writs, extremely narrow in scope and operation, and they are to be used with great caution and forbearance. *Monroe Auto. Equipment Co. v. Partlow*, 311 Ark. 633, 846 S.W.2d 637 (1993). Prohibition should issue only in such cases of extreme necessity. *Id.* A characteristic of prohibition is that it does not lie as a matter of right but as a matter of sound judicial discretion. *Id.* When considering a petition for writ of prohibition, jurisdiction is tested on the pleadings, not the proof. *Nucor-Yamamato Steel Co. v. Circuit Court for the Osceola District of Mississippi County*, 317 Ark. 493, 878 S.W.2d 745 (1994). A writ of prohibition is appropriate only when there is no other remedy, such as an appeal, available. *Pike v. Benton Circuit Court*, 340 Ark. 311, 10 S.W.3d 447 (2000).

 A review of the pleadings reveals that the writ of prohibition is not warranted. There are sufficient facts in the pleadings to indicate that the contract was at least partially performed in Arkansas, and therefore jurisdiction in this State may be proper. In Mr. Kidd's complaint, he stated that pursuant to the contract between the parties, the manufacture and partial transport of the furniture was performed in Arkansas. Given the narrow scope and operation of a writ of prohibition, and the availability of another adequate remedy, such as an appeal, we hold that writ of prohibition would not be appropriate.

Denied without prejudice.