ARKANSAS GAME and FISH COMMISSION,
Sheffield Nelson, Sanford "Sonny" Varnell, Freddie Black,
Brent Morgan, John Benjamin, George Dunklin, Jr., Ronald Pierce,
and Kimberly G. Smith, and Scott Henderson, Director of the
Arkansas State Game and Fish Commission, in their Official
Capacities *v.* Bill MILLS, White County Circuit Court Judge

07-227 265 S.W.3d 760

Supreme Court of Arkansas
Opinion delivered October 25, 2007

*James F. Goodhart* and *Angela R. Echols*, Arkansas Game & Fish Comm'n, for appellants.

*Butler, Hicky & Harris*, by: *Phil Hicky*, for appellees.

Tᴏᴍ Gʟᴀᴢᴇ, Justice. On August 16, 2006, Respondents John Tarlton Morrison and Cynthia Morrison, husband and wife, William Price Morrison, Jr., and Gray J. Morrison, husband and wife, Joseph McCaughan Morrison and Brandon G. Morrison, husband and wife, Carl Eugene Morrison, III, and Nancy Morrison, husband and wife, William Todd Carlisle and Carolyn Morrison Carlisle, husband and wife, Westley Cooper Morrison and Grace Ann F. Morrison, husband and wife, (herein after the "Morrison Family"), filed a lawsuit in White County Circuit Court against the Arkansas Game and Fish Commission, Sheffield Nelson, Sanford "Sonny" Carnell, Freddie Black, Brent Morgan, John Benjamin, George Dunklin, Jr., Ronald Pierce, and Kimberly G. Smith, and Scott Henderson, Director of the Arkansas Game and Fish Commission, in their representative capacities, (hereinafter "AGFC"), seeking an injunction enjoining the AGFC from leasing, conveying, encumbering or otherwise transferring the mineral rights to land located in White and Prairie Counties. The complaint requested that the circuit court reform four (4) warranty deeds so that the Morrison Family could maintain the mineral interest in the land. AGFC filed a motion to dismiss, contending Ark. Code Ann. § 16-60-103 & Ark. Code Ann. § 16-106-101(d) mandated that the actions against the AGFC and its commissioners be filed only in Pulaski County. Moreover, contending that there was a five-year statute of limitations pursuant to Ark. Code Ann. § 16-56-111(a), AGFC argued that the Morrison Family no longer had a cause of action as the complaint was filed six years after the contract at issue had been executed. The circuit court entered an order finding that, because this was a dispute over a contract, a deed, and real estate in White and Prairie Counties, this action could be properly filed in White County Circuit Court. Additionally, the circuit court concluded that the statute of limitations

did not begin to run on the issue of mutual mistake until the mistake was discovered or until the facts proved laches. Therefore, the circuit court held that the Morrison Family's cause of action was not barred by the statute of limitations.

Now, AGFC bring this petition for writ of prohibition in this court, contending that the White County Circuit Court was entirely without authority or jurisdiction to make this decision. We deny the petition for writ of prohibition.

A writ of prohibition is issued to prevent or prohibit the lower court from acting wholly without jurisdiction. *Hatfield v. Thomas*, 351 Ark. 377, 379, 93 S.W.3d 671, 672 (2002). The purpose of the writ of prohibition is to prevent a court from exercising a power not authorized by law when there is no adequate remedy by appeal or otherwise. *Id.* Thus, a writ of prohibition lies only where it is apparent on the face of the record that (1) the circuit court is wholly without jurisdiction *and* (2) there is no other adequate remedy. *Id.*

Writs of prohibition are prerogative writs, extremely narrow in scope and operation, and they are to be used with great caution and forbearance. *Id.* Prohibition should issue only in cases of extreme necessity. *Id.* A characteristic of prohibition is that it does not lie as a matter of right but as a matter of sound judicial discretion. *Id.* When considering a petition for writ of prohibition, jurisdiction is tested on the pleadings, not the proof. *Nucor-Yamato Steel Co. v. Circuit Court for the Osceola District of Mississippi County*, 317 Ark. 493, 878 S.W.2d 745 (1994). Again, a writ of prohibition is appropriate only when there is no other remedy, such as an appeal, available. *Pike v. Benton Circuit Court*, 340 Ark. 311, 10 S.W.3d 447 (2000).

■ A review of the pleadings reveals that the writ of prohibition is not warranted. First, the circuit court was not wholly without jurisdiction in denying the motion to dismiss. Arkansas Code Annotated section 16-60-101 (Repl. 2005) provides:

Actions for the following causes must be brought in the county in which the subject of the action, or some part thereof, is situated, except as provided in § 16-60-116(d):

(1) *The recovery of real property, or of an estate or interest therein*;

(2) The partition of real property;

(3) The sale of real property under a mortgage, lien, or other encumbrance or charge; and

(4) An injury to real property.

*Id.* (Emphasis added.) Moreover, Ark. Code Ann. § 16-60-103 (Repl. 2005) states:

The following actions must be brought in the county in which the seat of government is situated:

. . . .

(3) All actions against the state and all actions against state boards, state commissioners, or state officers on account of their official acts, *except that if an action could otherwise be brought in another county or counties under the venue laws of this state, as provided in § 16-60-101 et seq.,* then the action may be brought either in Pulaski County or the other county or counties[.]

(Emphasis added.) The plain language of these statutes provides the circuit court with the authority to conclude that venue was proper in White County; that is, the circuit court was not wholly without jurisdiction to determine that the action could be maintained in White County and not Pulaski County.

 Relying on Ark. Code Ann. § 16-106-101(d) (Repl. 2006), AGFC argues that Pulaski County is the only place for proper venue. That section states,

(d) All actions for debts due the State of Arkansas, all actions in favor of any state officer, state board, or commissioner, in their official capacity, all actions which are authorized by the provisions of this code or by law to be brought in the name of the state, and all actions against the board, commissioner, or state officer for or on account of any official act done or omitted to be done shall be brought and prosecuted in the county where the defendant resides.

As pointed out by the Morrison Family, this statute was enacted in 1871 by Act 48. However, Ark. Code Ann. § 16-60-103(3) was amended to include the exception as set forth in Act 806 of 2001, which, as quoted above, states that the action may be brought in a county other than Pulaski County if the action could otherwise be

brought in another county as provided by § 16-60-101 *et seq.* While we are not to reach the underlying merits in a petition for writ of prohibition, we can certainly recognize the express authority given to the circuit court by § 16-60-103, as amended, in determining that venue may lie in a county other than Pulaski. Moreover, our case law relied on by AGFC is inapposite to the instant appeal. Specifically, for the proposition that this writ should be granted, AGFC cites *Daniels v. Weaver*, 367 Ark. 327, 240 S.W.3d 95 (2006); *Ark. Game & Fish Comm'n v. Harkey*, 345 Ark. 279, 45 S.W.3d 829 (2001); *Willis v. Circuit Court of Phillips Cty.*, 342 Ark. 128, 27 S.W.3d 372 (2000); *Valley v. Bogard*, 342 Ark. 336, 28 S.W.3d 269 (2000); *Tortorich v. Tortorich*, 333 Ark. 15, 968 S.W.2d 53 (1998); *Ark. Game & Fish Comm'n v. Lindsey*, 292 Ark. 314, 730 S.W.2d 474 (1987); *Downey v. Toler*, 214 Ark. 334, 216 S.W.2d 60 (1963); *Forrest City Machine Works v. Colvin*, 257 Ark. 889, 521 S.W.2d 206 (1975); *Dean v. Cole*, 236 Ark. 64, 364 S.W.2d 305 (1963); and *Liquefied Petroleum Gas Bd. v. Newton*, 230 Ark. 267, 322 S.W.2d 67 (1959). Notably, the majority of those cases are *not* writ cases. *See Daniels v. Weaver, supra; Valley v. Bogard, supra; Tortorich v. Tortorich, supra; Ark. Game & Fish Comm'n v. Lindsey, supra; Dean v. Cole, supra;* and *Liquefied Petroleum Gas Bd. v. Newton, supra.* In addition, the remainder of the cases cited that involve petitions for writs either do not involve real property or were cases decided prior to the 2001 amendment. *See Ark. Game & Fish Comm'n v. Harkey, supra; Willis v. Circuit Court of Phillips Cty., supra; Downey v. Toler, supra; Forrest City Machine Works v. Colvin, supra.* Thus, despite AGFC's argument otherwise, the circuit court was not wholly without jurisdiction to determine that venue was proper in White County.

As to the second prong, AGFC possesses another adequate remedy. Specifically, AGFC can appeal this decision, once a final order is entered. Consequently, given the narrow scope and operation of a writ of prohibition, and the availability of another adequate remedy, we hold that writ of prohibition would not be appropriate.

Finally, AGFC argues that a writ of prohibition lies because the circuit court was wholly without jurisdiction because the statute of limitations barred the Morrison Family's cause of action. A writ of prohibition is not warranted with respect to this argument as this is a procedural argument, not a jurisdictional one.

We addressed this issue in *Tatro v. Langston*, 328 Ark. 548, 944 S.W.2d 118 (1997). In that case, the petitioner filed a writ of prohibition with this court, arguing that the circuit court was wholly without jurisdiction as the three-year statute of limitations had expired on the underlying product-liability tort claim. The court denied that writ, and we explained that statutes of limitations constitute an affirmative defense, *see* Ark. R. Civ. P. 8(c), and are generally not jurisdictional. *Id.* Those statutes of limitations that are jurisdictional are tied to the right itself, and not just the remedy. For instance, the statute of limitations for wrongful-death claims is jurisdictional because it is tied to the right itself. *See Vermeer Mfg. Co. v. Steel Judge*, 263 Ark. 323, 564 S.W.2d 518 (1978). Thus, in a wrongful-death case, prohibition may be proper to raise a statute-of-limitations challenge. However, prohibition is not an available remedy if the statute of limitations governing a particular proceeding is not jurisdictional, but may be raised as an affirmative defense. *Tatro v. Langston, supra.*

Here, the underlying complaint raises a cause of action for specific performance — reformation of a contract. Because the applicable statute of limitations is not tied to the right to bring that claim, the statute-of-limitations argument made in this petition for writ of prohibition must be denied as it is not jurisdictional, but procedural. In addition, AGFC is free to appeal this issue, once a final order is entered.

Writ denied.