375 Ark. 457

**Arthur Douglas CHAVIS, III, As Guardian for and Next Friend of Arthur D. Chavis, IV, Appellant,**

v.

**Jill Frances BRACKENBURY, Appellee.**

No. 08–473.

Supreme Court of Arkansas.

Jan. 30, 2009.

Rehearing Denied March 5, 2009.

Cullen & Co., PLLC, by Tim Cullen and Tasha C. Taylor, Little Rock, for appellant.

No response.

JIM GUNTER, Justice.

Appellant appeals the dismissal of his complaint for an accounting from his ex-wife, who was the custodian of two bank accounts established in their child's name, both of which were closed approximately fifteen years ago. Appellant asserts that the trial court erred in finding that (1) the child, who has now reached the age of majority, was a necessary party to the action, and (2) the complaint was barred by laches. We granted appellant's motion to transfer this case to our court; therefore, we have jurisdiction pursuant to Ark. Sup.Ct. R. 1–2(b). We find that appellant's arguments are procedurally barred and therefore affirm.

The parties in this case were divorced on September 14, 1992, and had one child, Arthur, who was four at the time of the divorce. Appellee had custody of Arthur until September 7, 2001, when custody was given to appellant in an agreed order. Litigation continued between the parties on various matters, and on July 11, 2003, the court issued an order declining to exercise jurisdiction over appellant's request for an accounting of two bank accounts previously established in the child's name with appellee as the caretaker of the accounts. One of the accounts, the "Worthen Bank" account, was opened in 1990 and closed in 1991; the other account, the "Shearson Lehman" account, was opened in 1992 and closed in 1996. The court did note, however, that appellant could pursue his request for an accounting in a separate proceeding.

On March 9, 2006, appellant filed a complaint for an accounting of the funds in the above-mentioned accounts and requested that appellee be ordered to repay the funds from the accounts with interest. In pleadings filed April 14, 2006, and July 26, 2006, appellee denied any wrongdoing, raised various affirmative defenses including laches, and made a motion to dismiss the complaint.

Arthur's eighteenth birthday occurred on August 30, 2006. On May 2, 2007, appellee filed a motion to dismiss or substitute parties due to the child reaching the age of majority. A hearing on the matter was held on August 3, 2007. After hearing arguments from counsel, the court orally ruled that the claim was barred by laches and the lack of a necessary party before the court. The court found that even if the request for an accounting was granted, the person entitled to receive any funds, Arthur, was not before the court. Prior to the entry of the court's order, appellant filed a motion to reconsider on November 27, 2007, asserting that the court had erred in applying the doctrine of laches, as appellee had failed to show a detrimental change in position due to defendant's delay, and that the court had erred in ruling that Arthur was no longer a minor and appellant could not act on his behalf, because under the Uniform Transfers to Minor Act (UTMA), a child is considered a minor until he or she reaches the age of twenty-one. The court entered its final order dismissing the complaint on December 20, 2007. The order stated that the complaint was dismissed because "Arthur has reached the age of eighteen (18) years and is a necessary party because any relief would go from Ms. Brackenbury to Arthur. The Court also finds the complaint is barred by laches as Ms. Brackenbury cannot be required to produce records from 1991 forward." Appellant filed a notice of appeal from this order on January 18, 2008.

▪ Appellant first argues that the trial court erred in relying on the general statutory age of majority, eighteen, in deciding that Arthur was a necessary party, instead of the specific statutory provision of the UTMA, which defines any person under the age of twenty-one as a minor. Ark. Code Ann. § 9–26–201(11) (Repl.2008). Appellant also argues that the court erred in finding that appellant was not the proper party to bring the complaint, as Ark. Code Ann. § 9–26–219 clearly allows the minor's guardian or an adult member of the minor's family to petition the court for an accounting, and there is no requirement that the minor be joined as a party. And finally, appellant acknowledges that only one of the disputed accounts, the "Shearson Lehman" account, was expressly created under the UTMA but argues that both it and the "Worthen Bank" account should be dealt with under the UTMA.

The problem with these arguments, however, is that they are not the arguments that were presented below to the trial court.[1] At the hearing, appellee's counsel argued that Arthur was no longer a minor under Arkansas law and should therefore be substituted as the proper plaintiff and that appellant was not the proper party to bring the action. In his rebuttal, appellant's counsel argued that "[a]s far as ACA 9–26–219, as that applies to uniform gifts to minors, the way that the Act is drafted the actual gift itself—the account—remains in effect until the child turns 21. Arthur is still 18, which I think would address the statute of limitations." Later, appellant's counsel and the court had the following exchange:

> MR. PHILLIPS: Well, of course, I think as to the uniform gift to minors account, those are valid until the juvenile reaches the age of 21. As far as the account that actually was Arthur's minor account that was—
>
> THE COURT: But Arthur is now an adult—and I know it's in effect until he's 21. But he now is an adult and has a right to assert his rights and privileges as that adult, even for when he was a minor. But it becomes his right when he reaches 18, does it not?
>
> MR. PHILLIPS: That's correct. And perhaps we need to join Arthur in the lawsuit . . . [.]

This is but one instance in which the court and the parties were clearly in agreement that Arthur was no longer a minor, and yet on appeal, appellant is arguing that under the UTMA, Arthur is still a minor. And, while appellee's own counsel pointed out below that under Ark.Code Ann. § 9–26–219, any adult member of the minor's family can bring the accounting action, appellee's counsel also suggested that the right to do so extinguished when Arthur turned eighteen, and appellant never rebutted this contention by making the argument that he is now making on appeal. And while it is true that appellant raised these arguments in his motion to reconsider, the arguments raised in that motion are not properly before us. Under our case law, we treat a motion to reconsider in a bench trial like a motion for a new trial. See, e.g., Ark. Office of Child Support Enforcement v. Parker, 368 Ark. 393, 246 S.W.3d 851 (2007) (finding that a motion to reconsider was deemed denied pursuant to Rule 59 of the Arkansas Rules of Civil Procedure). Under Rule 59, such a motion made before entry of the final judgment becomes effective and is treated as filed on the day after the judgment is entered. So, in this case, the motion was treated as if it was filed on December 21, 2007, and was deemed denied on January 21, 2008.

Our case law makes clear that when a motion for new trial has been deemed denied in accordance with Ark. R.App. P.-Civ. 4(b)(1), the only appealable matter is the original judgment order. Lee v. Daniel, 350 Ark. 466, 91 S.W.3d 464 (2002). Under Ark. R.App. P.-Civ. 4(b)(2), a notice of appeal filed before the disposition of a posttrial motion is effective to appeal the underlying judgment or order, but to also seek an appeal from the grant or denial of

---

1. As to appellant's argument concerning whether both accounts should be handled under the UTMA, while this issue was discussed by the parties below, we have no ruling on the issue by the trial court, therefore we will not address it. See Bell v. Bershears, 351 Ark. 260, 92 S.W.3d 32 (2002) (holding that a party's failure to obtain a ruling is a procedural bar to this court's consideration of the issue on appeal). We also note that appellant has failed to develop any argument on appeal that, because the "Worthen Bank" account was not expressly created under the UTMA, common law principles would be applied to its administration.

the motion, an amended notice of appeal must be filed within thirty days, and we have no such amended notice of appeal in this case. Also, this court has repeatedly held that an objection first made in a motion for new trial is not timely. *Lee,* supra.

Based on the foregoing, we hold that appellant's arguments were not presented to the trial court in a timely manner, nor are the arguments properly before this court on appeal. *See Yant v. Woods,* 353 Ark. 786, 120 S.W.3d 574 (2003) (holding that, for the purposes of determining the issues for which appellate review is preserved, a party cannot change on appeal the grounds for an objection or motion made at trial, and is bound by the scope and nature of the arguments made at trial). We therefore are precluded from addressing the merits of appellant's arguments on this point and affirm the trial court.

Because we affirm the trial court on this point, we need not address appellant's second argument concerning laches. *See Weiss v. McLemore,* 371 Ark. 538, 268 S.W.3d 897 (2007). In addition, we note that appellant's second argument was also raised for the first time in his motion to reconsider, and thus we would be precluded from reaching the merits of his argument. *Yant, supra.*

Affirmed.

BROWN, J., not participating.