2009 Ark. 204

Joe McCUTCHEN, Appellant,

v.

ARKANSAS STATE POLICE, Appellee.

No. 08–972.

Supreme Court of Arkansas.

April 16, 2009.

Sam Sexton, Fort Smith, for appellant.

Dustin McDaniel, Att'y Gen., by: Colin R. Jorgensen, Ass't Att'y Gen., Little Rock, for appellee.

JIM GUNTER, Justice.

This appeal arises from an order of the Sebastian County Circuit Court dismissing Appellant Joe McCutchen's illegal-exaction claim against the Arkansas State Police on the basis of improper venue. On appeal, McCutchen asserts that the circuit court's decision was erroneous because venue is proper in Sebastian County pursuant to Arkansas Code Annotated sections 16–60–103 (Repl.2005) and 16–60–105 (Repl.2005). We hold that venue was improper in Sebastian County and affirm the circuit court's ruling.

On March 20, 2008, McCutchen filed a complaint for injunctive relief in Sebastian County Circuit Court against the Arkansas State Police, asserting an illegal-exaction claim. Specifically, he claimed that the Arkansas State Police was engaged in the unlawful expenditure of public funds for the printing of driver's license instructional material and driver's license examinations in Spanish. On April 11, 2008, the Arkansas State Police filed a motion to dismiss McCutchen's complaint because (1) the complaint failed to state facts upon which relief can be granted; and (2) venue was improper. McCutchen filed an amended complaint for injunctive relief on May 12, 2008, correcting clerical errors. The Arkansas State Police then filed a motion to dismiss the amended complaint. On June 5, 2008, the circuit court entered an order dismissing the complaint for improper venue, stating that the complaint must be filed in Pulaski County. The circuit court did not rule on whether the complaint stated facts upon which relief could be granted. We granted certification of this case from the court of appeals because it involves an issue of first impression, an issue of substantial public interest, and a question of law concerning the validity, construction, or interpretation of an act of the General Assembly pursuant to Ark. Sup. Ct. R. 1–2(b)(1), (4), and (6) respectively.

For his sole point on appeal, McCutchen asserts that the circuit court erroneously dismissed his cause of action because venue is proper in Sebastian County pursuant to Arkansas Code Annotated section 16–60–105. Specifically, he contends that Sebastian County is the proper place of venue because the Arkansas State Police is a business enterprise which maintains a place of business in Sebastian County.

The State responds, asserting that the circuit court properly dismissed McCutchen's complaint because (1) the Arkansas State Police is a government enterprise and not a business enterprise, thereby making Pulaski County the proper place for venue and (2) the illegal-exaction complaint fails to state a claim as a matter of law in any Arkansas venue.

This court reviews issues of statutory interpretation de novo, because it is for this court to determine the meaning of a statute. *City of Little Rock v. Rhee*, 375 Ark. 491, 292 S.W.3d 292 (2009). Our standard of review for issues of statutory construction is well settled:

> The basic rule of statutory construction is to give effect to the intent of the legislature. Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible.

*Id.*

Arkansas Code Annotated section 16–60–103 provides in pertinent part:

The following actions must be brought in the county in which the seat of government is situated:

. . . .

■ (3) All actions against the state and all actions against state boards, state commissioners, or state officers on account of their official acts, *except that if an action could otherwise be brought in another county or counties under the venue laws of this state, as provided in § 16–60–101 et seq., then the action may be brought either in Pulaski County or the other county or counties* [.] (emphasis added).

Act 206 of 2001 added the italicized language. This new language allows venue to be proper not only in Pulaski County, but also in other counties as provided in § 16–60–101 *et seq.* |₄McCutchen asserts that, in this case, venue is proper in Sebastian County pursuant to § 16–60–105.

Arkansas Code Annotated section 16–60–105 provides:

An action, other than those mentioned in §§ 16–60–101, 16–60–102, 16–60–106—16–60–108, 16–60–110, against a person, firm, copartnership, or association *engaged in business* in this state which has or maintains more than one (1) office or place of business in this state, may be brought in any county in which the person, firm, copartnership, or association has or maintains any office, branch office, suboffice, or place of business, and service of process upon an agent of any person, firm, copartnership, or association at any such office, branch office, suboffice, or place of business shall be service upon such person, firm, copartnership, or association. (emphasis added).

The issue in this case is whether the Arkansas State Police is "engaged in business." *Black's Law Dictionary* defines "business" as "[a] commercial enterprise carried on for profit; a particular occupation or employment habitually engaged in for livelihood or gain." *Black's Law Dictionary* 192 (8th ed. 2004). "Enterprise" is defined as "[a]n organization or venture, esp. for business purposes." *Id.* at 552. We find that the Arkansas State Police is not a commercial enterprise, as it is not carried on for profit. Rather, the Arkansas State Police would best be described as a "governmental enterprise," defined by *Black's Law Dictionary* as "[a]n enterprise undertaken by a governmental body, such as a parks department that creates a public park." *Id.*

The language of § 16–60–105 clearly limits its applicability to *business* enterprises. McCutchen states in his brief that the "Arkansas State Police is unquestionably a business enterprise." In his reply brief, McCutchen asserts that the Arkansas State Police is a business |₅even though it is not carried on for profit. He relies on the definition of "business" in Arkansas Rule of Evidence 803(6), which states, " 'business' *as used in this paragraph* includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit." (emphasis added). The phrase "as used in this paragraph" clearly limits this particular definition of business to Rule 803, and thus does not apply in this situation. Based on the plain language of the statute, we hold that § 16–60–105 does not apply to the Arkansas State Police.

■ Because § 16–60–105 does not apply, venue is proper "in the county in which the seat of government is situated" pursuant to § 16–60–103. Here, the seat of the Arkansas government is situated in Pulaski County. *See* Ark. Const. art. 1. Further, we have stated that the residence of the Arkansas State Police is in Pulaski County. *See Dean v. Cole*, 236 Ark. 64,

5d555

585

364 S.W.2d 305 (1963). Thus, we hold that the proper place of venue in this case is Pulaski County based on the plain and unambiguous language of the statute.

In its brief, the State further asserts that McCutchen's complaint is subject to dismissal because the complaint fails to state a claim for which relief can be granted under Arkansas law. The State admits that the circuit court did not rule on this issue. We will not address issues where there has been no ruling by the circuit court. *See Chavis v. Brackenbury*, 375 Ark. 457, 291 S.W.3d 570 (2009). Accordingly, we affirm the circuit court's dismissal of McCutchen's complaint.

Affirmed.