SLIP OPINION  Cite as 2014 Ark. App. 211

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-13-1025

| | |
|---|---|
| | **Opinion Delivered** April 2, 2014 |
| MARY PHIFER and TOMMY PHIFER<br>APPELLANTS | APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>SIXTH DIVISION |
| V. | [NO. 60CV-2013-4172] |
| SEECO, INC., SOUTHWESTERN<br>ENERGY COMPANY, and ARKANSAS<br>OIL AND GAS COMMISSION<br>APPELLEES | HONORABLE TIMOTHY DAVIS<br>FOX, JUDGE<br><br>REVERSED AND REMANDED |

**KENNETH S. HIXSON, Judge**

Appellants Mary Phifer and Tommy Phifer brought an action in Pulaski County against appellees SEECO, Inc., Southwestern Energy Company (Southwestern), and Arkansas Oil and Gas Commission (AOGC). In their complaint, the appellants challenged SEECO's construction of a gas-well pad and access road on appellants' property in White County. The trial court entered a preliminary injunction in favor of the Phifers, ordering SEECO to halt all drilling activities on the property. However, the trial court later entered an order dissolving the preliminary injunction and dismissing the action without prejudice, ostensibly for lack of venue. The Phifers now appeal from the order of dismissal, arguing that the trial court erred in dismissing the case for improper venue. We agree, and we reverse and remand for further proceedings.

In 2004, Mary Phifer and her now deceased husband executed an oil and gas lease to T-Rex Exploration on property they owned in White County. Mary now holds a life estate in the property and her son, Tommy Phifer, has a remainder interest. The oil and gas lease is now held by SEECO, which is a subsidiary of Southwestern. The oil and gas lease provides, in relevant part, that the lessor

> hereby grants, demises, leases and lets exclusively unto said Lessee the lands hereinafter described for the purpose of prospecting, exploring by geophysical and other methods, drilling, mining, operating for and producing oil or gas, . . . together with the right to construct and maintain pipe lines, telephone and electric lines, tanks, power stations, ponds, roadways, plants, equipment, and structures thereon to produce, save and take care of said oil and gas, and the exclusive right to inject air, gas, water, brine and other fluids from any source into the subsurface strata and any and all other rights and privileges necessary, incident to, or convenient for the economical operation of said land, alone or conjointly with neighboring land, for the production, saving and taking care of oil and gas[.]

In the summer of 2013 SEECO applied to the AOGC for four gas wells with a surface location on the Phifers' property. The Phifers did not receive notice of the proceedings before the AOGC, which was not required under the AOGC's rules.[1] After a hearing held on August 27, 2013, the AOGC issued orders approving SEECO's applications on September 6, 2013. On September 11, 2013, the AOGC issued permits for SEECO to drill the four wells.

---

[1]AOGC Rule B-43(o)(2)(B) provides that all owners as defined under Arkansas Code Annotated section 15-72-102(9) shall receive notice of any application for a gas well. Arkansas Code Annotation section 15-72-102(9) (Repl. 2009) defines "owner" as "the person who has the right to drill into and to produce from any pool and to appropriate the production either for himself or herself, or for himself or herself and another, or others."

SLIP OPINION

In October 2013, SEECO mailed two letters to the Phifers notifying the Phifers of SEECO's intention to commence its drilling operations on the property. The second of the letters was sent on October 15, 2013, advising the Phifers that SEECO intended to enter the property and begin construction of an access road and drill pad on November 1, 2013.

On October 23, 2013, the Phifers filed a complaint against SEECO, Southwestern, and AOGC. The Phifers alleged that because they were not given notice of SEECO's application and the proceedings before the AOGC, and thus had no opportunity to be heard or object to the issuance of the drilling permits, they were denied due process as guaranteed by the United States and Arkansas Constitutions. The Phifers prayed for just compensation from the AOGC and the other defendants for the alleged unlawful taking of their property. In addition, the Phifers' complaint alleged that SEECO's use of the surface land was unreasonable due to the location of the well pad, the size of the well pad, and the ratio of the Phifers' property serviced by the well pad. The Phifers asked for cessation of construction of the well pad and access road.

The Phifers filed a motion for a preliminary injunction on October 24, 2013, and a supplemental motion for a preliminary injunction on October 28, 2013. The trial court granted a preliminary injunction on October 28, 2013, wherein the trial court stated:

> The Court finds the placement of a well pad, reserve pit and access road on Plaintiffs' property constitutes an irreparable harm to Plaintiffs' property as the well pad cannot be removed once in place. The Court finds Plaintiffs have demonstrated a likelihood of success on the merits based on Plaintiffs' allegations in the Complaint that Plaintiffs were not provided notice of the Arkansas Oil and Gas Commission hearing granting Defendants permits to drill and, thus, Plaintiffs were denied Procedural and Substantive Due Process. Defendants are ordered to halt all activities involving the construction of a well pad, reserve pit and access road on Plaintiffs' property.

SLIP OPINION

On October 28, 2013, separate defendants SEECO and Southwestern filed a motion to dismiss for improper venue pursuant to Rule 12(b)(3) of the Arkansas Rules of Civil Procedure.[2] In that motion, SEECO and Southwestern argued that the essential character of the Phifers' action was to recover for injury to their real property in White County. SEECO and Southwestern alleged that venue was proper in White County pursuant to Arkansas Code Annotated section 16-60-101(4) (Repl. 2005), which provides:

> Actions for the following causes must be brought in the county in which the subject of the action, or some part thereof, is situated, except as provided in § 16-60-116(d):
>
> . . . .
>
> (4) An injury to real property.

SEECO and Southwestern also filed a motion to dissolve the preliminary injunction on October 29, 2013. Among other things, SEECO and Southwestern argued in that motion that the Phifers had failed to demonstrate a likelihood of success on the merits, and that they failed to demonstrate an inadequate remedy at law.

On November 4, 2013, the Phifers filed responses opposing the motions for dismissal for improper venue and to dissolve the preliminary injunction. In their response to the motion to dismiss for improper venue, the Phifers alleged that because the AOGC is a state commission the Phifers had a choice of venue to bring their action in either Pulaski County

---

[2]At the time the hearing on the Motion to Dismiss and Motion to Dissolve the Preliminary Injunction was held, the AOGC had not filed a response to the complaint but it was still within its time parameters to do so. However, the AOGC did submit an appellee's brief herein.

SLIP OPINION

or White County pursuant to Arkansas Code Annotated section 16-60-103(3) (Supp. 2011), which provides:

> The following actions must be brought in the county in which the seat of government is situated:
>
> . . . .
>
> (3) All actions against the state and all actions against state boards, state commissioners, or state officers on account of their official acts, except that if an action could otherwise be brought in another county or counties under the venue laws of this state, as provided in § 16-60-101 et seq., *then the action may be brought either in Pulaski County or the other county or counties*[.] (Emphasis added.)

A hearing on SEECO and Southwestern's Motion to Dismiss for Improper Venue and its Motion to Dissolve the Preliminary Injunction was held on November 5, 2013. After listening to arguments of counsel, the trial court announced from the bench:

> Under the facts of this case, there is no violation of due process, so I am going to dismiss the action without prejudice because the state agency is the reason it is in Pulaski County. If you all have a contract dispute between yourself and your lessees, that needs to occur in the county in which the real property is located. It affects chain of title and all kinds of things. I believe Arkansas law provides that needs to be happening in White County.

The trial court entered an order of dismissal on the same day of the hearing, wherein it stated, "The court finds that the preliminary injunction previously issued by this court on October 28, 2013, is dissolved, and this matter is dismissed without prejudice." The trial court's order offered no further comment or explanation.

In this appeal, the Phifers argue that the trial court erred in granting SEECO and Southwestern's motion to dismiss for improper venue. The Phifers contend that, pursuant to the explicit language in Ark. Code Ann. § 16-60-103(3), the proper venue for their action

SLIP OPINION

was in either Pulaski County or White County because their complaint raised a constitutional due-process claim against a state agency. We agree.

In reviewing a trial court's decision on a motion to dismiss for improper venue under Rule 12(b)(3), we treat the facts alleged in the complaint as true and view them in the light most favorable to the pleadings. *Provence v. Nat'l Carriers, Inc.*, 2010 Ark. 27, 360 S.W.3d 725. In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Id.* When venue is questioned, a defendant objecting to venue has the burden of demonstrating that venue is improper. *Helm v. Mid-Am. Indus., Inc.*, 301 Ark. 521, 785 S.W.2d 209 (1990). If an objection to venue is not substantiated by the pleadings, the objecting party has the duty to produce evidence showing that venue is not proper. *Roller v. TV Guide Online Holdings, LLC*, 2013 Ark. 285.

In SEECO and Southwestern's motion to dismiss, they asserted that venue was proper in White County pursuant to Ark. Code Ann. § 16-60-101(4) because the essential character of the action was to recover for injury to the Phifers' real property in White County. Although SEECO and Southwestern correctly asserted that the Phifers' action could have been brought in White County, venue was also proper in Pulaski County. This is because the Phifers' action was also brought against the AOGC, a state agency, and Ark. Code Ann. § 16-60-103(3) provides that in actions against the state that "if an action could otherwise be brought in another county or counties under the venue laws of this state, as provided in § 16-60-101 et seq., then the action may be brought either in Pulaski County or the other county

6

or counties." This language allows venue to be proper not only in Pulaski County, but also in the other counties as provided in § 16-60-101 et seq. *See McCutcheon v. Ark. State Police*, 2009 Ark. 204, 307 S.W.3d 582. Therefore, we conclude that the trial court erred in dismissing the action in Pulaski County for lack of venue.

Although the order being appealed does not explain the reason for dismissal of the case, the trial court indicated from the bench that it found no due-process violation and that the state agency was the only reason the case was in Pulaski County. Specifically, the trial court found: "Under the facts of this case, there is no violation of due process, so I am going to dismiss the action without prejudice because the state agency is the reason it is in Pulaski County." If that was the basis for the trial court's order of dismissal, as we assume it was, this was putting the proverbial cart before the horse. The motion before the trial court was not a 12(b)(6) motion alleging failure to state a cause of action nor was it a motion for summary judgment. The motion that was before the trial court was simply a motion to dismiss for improper venue, and that threshold issue did not contemplate a ruling on the merits of appellants' constitutional due-process claim against the AOGC. At the time the trial court made this finding and dismissed the lawsuit, the AOGC had not even responded to the complaint and the constitutional issues had not yet been joined. Because the Phifers' complaint brought an action against the AOGC, which is a state agency, venue was proper in Pulaski County and consideration of the merits of the Phifers' constitutional claim was not yet developed nor ripe for decision.

The Phifers also argue on appeal that the trial court erred in dissolving the preliminary injunction previously issued by the trial court. Although the trial court did not explain its reasons for dissolving the preliminary injunction, we presume that it did so based on its finding that venue in Pulaski County was improper. Based on our holding that venue was proper in Pulaski County, the issue of the preliminary injunction will have to be revisited by the trial court on remand, along with the other claims pending in the case. We therefore instruct the trial court to hold another hearing addressing the merits of the preliminary injunction. On remand to Pulaski County Circuit Court, the AOGC will have the opportunity to raise any challenges it has to appellants' constitutional due-process claim in the appropriate manner.

Reversed and remanded.

HARRISON and BROWN, JJ., agree.


*Walker Law Firm, PLLC*, by: *Kent Walker*, for appellants.

*PPGMR Law, PLLC*, by: *James D. Rankin III* and *Kimberly D. Logue*; and *Shane E. Khoury*, General Counsel, and *Alan J. York*, Ass't General Counsel, Arkansas Oil and Gas Commission, for appellees.